## BAILEY vs. KAY.

A defendant should be permitted to amend his answer on the trial, where the new matter proposed to be introduced is *prima facie* a complete defense to the action, and a valid excuse is presented for not pleading it before.

Thus where the defense proposed to be set up by amendment, in an action for an assault and battery, was that the assault and battery complained of was a part of the identical transaction for which the defendant had just previously, at the same circuit, recovered damages in a similar action against the plaintiff; *Held*, that these matters forming one transaction, the law required them to be disposed of in a single action; and that the amendment should therefore have been allowed, on terms.

THIS is an action for assault and battery, which was tried at the circuit held in Ulster county, in October, 1866. The plaintiff alleged in his complaint an assault and battery, committed on the 28th of November, 1865, and proceeded to the proof of an assault and battery, committed on the 20th of November, 1865.

At the same circuit and just before the trial of this cause, as the defendant offered to prove, an action of assault and battery had been tried in favor of the said George Kay against the said Joseph Bailey, for an assault and battery committed on the 20th day of November, 1865, by the said Joseph Bailey, upon George Kay, and a recovery had therein in favor of the said George Kay against the said Joseph Bailey.

After the commencement of the trial of this action and after it appeared that the plaintiff, Joseph Bailey, sought to recover for an alleged battery committed on the 20th November, and not on the 28th, as set up in his complaint, the counsel for the defendant, George Kay, asked to amend his answer so as to show a recovery had at that circuit, by the defendant against the plaintiff, for a battery committed by the former upon the latter in the same struggle and transaction, for the battery committed in which the plaintiff in this suit seeks a recovery against the defendant, and offered to prove by affidavit that he did not know that it

referred to the same transaction, until it was developed in proof. Which motion was denied, and the defendant excepted.

The plaintiff recovered a verdict of $50 ; and the exceptions were ordered to be heard in the first instance at the general term

*E. Cooke,* for the plaintiff.

*T. R. Westbrook,* for the defendant.

*By the Court,* HOGEBOOM, J. I think a new trial should be granted in this case, for the refusal to allow the defendant to amend his answer. The new matter proposed ·to be incorporated in the answer, was *prima facie* a complete defense to the action, and a valid excuse was presented for not pleading it before. This defense in substance was that the assault and battery complained of, was a part of the identical transaction for which the defendant had just recovered damages in an action for assault and battery against the plaintiff. These matters forming one transaction, the law requires them to be disposed of in a single action. (*Elliott v. Brown,* 2 *Wend.* 497. *Coles v. Carter,* 6 *Cowen,* 691.)

This forming a substantive defense, it was a matter of right, I think, that the defendant should have been allowed to plead it. The *terms* were no doubt more or less in the *discretion* of the court ; but no question arose about the terms. From the mode in which the case was made up, we must assume that the proposed defense was overruled as inadmissible or insufficient, and not because in the exercise of a sound discretion it was not fit to be introduced. If it were excluded upon any such limited and qualified ground, I think it should have been so stated ; more especially as the defendant by his offer made a *prima facie* case for its admission. We should be in danger, I think, of doing injustice if we did not give this construction to the proceedings ; and

it is safer and better to grant a new trial on this ground than to exclude a defense apparently good. As to terms, they can be made right on the application to amend.

There must be a new trial, with costs to abide the event.

[ALBANY GENERAL TERM, May 6, 1867. *Peckham*, *Ingalls* and *Hogeboom*, Justices.]