· HENRY WRIGHT v. ALLIE B. BACHELLER.

1. AMENDMENTS TO PLEADINGS; *Error to Refuse.* Courts may sometimes commit substantial error by refusing to permit amendments to be made to pleadings during the progress of the trial; and *held*, under the circumstances of this case, that the court below did commit substantial error, by refusing, during the trial, to permit the plaintiff below to so amend his reply as to put in issue the truth of certain portions of the defendant's answer.

2. DEFENSES — *Inconsistent.* Inconsistent pleas should not be encouraged.

3. CROSS-PETITION — *To be Full and Complete.* Where defendant sets forth in his answer a cause af action of his own, by way of counterclaim, and asks affirmative relief thereon, he must set forth such cause of action with the same particularity, completeness and exactness that he would if he were the plaintiff, and were setting it forth in his petition. Hence, it is not sufficient for a defendant, when sued on a mortgage, to allege, for the purpose of obtaining affirmative relief thereon, that he never executed any mortgage, but if he did it was done under duress.

*Error from Lyon District Court.*

FORECLOSURE of mortgage, brought by *Wright* against C. B. Bacheller and *Allie B. Bacheller.* The material facts, pleadings, issues and proceedings, are sufficiently stated in the opinion. At the March Term 1874 of the district court, *Wright* recovered judgment *in personam* against C. B. Bacheller for the amount of the note, but the court made a decree in favor of *Allie B. Bacheller* setting aside and canceling the mortgage. From this decree *Wright* appeals, and brings the case here on error.

*John V. Saunders*, for plaintiff.

*Ruggles & Sterry*, for defendant.

The opinion of the court was delivered by

VALENTINE, J.: This was an action upon a promissory note and a real-estate mortgage made to secure said note. The action was commenced by Henry Wright against C. B. Bacheller and Allie B. Bacheller. The court below rendered a personal judgment in favor of Wright and against C. B. Bacheller for the amount of the note; but rendered a judgment in favor of the other defendant, the said Allie B., that said mortgage should be delivered up and canceled and held to be no cloud upon the mortgaged premises. It is this latter judgment of which the plaintiff in error now complains. The principal questions involved in the case are, whether the court below erred in refusing to allow Wright to amend his replication, and whether the answer of the defendant Allie B. is sufficient to sustain the judgment rendered in her favor. There are several other questions however involved in the case, which we may consider as we pass along. The discussion of the first question will require that we shall give substantially a history of the proceedings in the court below. Statement of facts. The petition was an ordinary petition on a note and mortgage. It described the note and mortgage, alleging the execution of the note by the defendant C. B. Bacheller, and the execution of the mortgage by both defendants, and giving a copy of the note, but not giving a copy of the mortgage. The defendant C. B. Bacheller never filed any pleading or motion in the case, or made any appearance as a party therein. The defendant Allie B. contested the plaintiff's cause of action. She filed an answer, but before doing so moved the court below "to compel the plaintiff *to file with and make a part of* his said petition a copy of said mortgage-deed mentioned in plaintiff's petition." The court sustained the motion, and a copy of said mortgage was so filed. There was a clerical mistake however made in the petition in

describing said mortgage. In one place, where the word "exchange" occurred in the original mortgage the word "chenange" was written in the petition. In all other respects the mortgage seems to have been correctly described. But the copy of the mortgage filed in the case in pursuance of said motion of the defendant, and of the order of the court below, seems to have been an exact and literal copy in every particular of the original mortgage as the same was executed by the two defendants. Afterward, the defendant Allie B. filed an answer to the plaintiff's petition, containing two defenses. The first defense was substantially a denial of the very existence of said mortgage. It reads as follows, (omitting the heading,) "That she denies each and every allegation in plaintiff's petition contained, so far as the same in any manner refers to the mortgage-deed mentioned in plaintiff's petition." *This defense was verified by the oath of said Allie B. Bacheller*, and of course put in issue the execution of said mortgage, and threw the burden of proving its execution and its existence upon the plaintiff. The second defense reads as follows:

"The defendant Allie B. Bacheller, further answering, separately, for herself, and for a cross-petition says: That if she ever executed any mortgage-deed (which she denies,) to said plaintiff, either separately or conjointly with her husband C. B. Bacheller, the execution of the same was while the married relation between her and the defendant C. B. Bacheller subsisted, and she, this defendant, was a *feme covert;* and that said mortgage-deed, if any was given (which she denies,) was given to secure the payment of a pretended promissory note to the consideration of which said pretended promissory note this defendant was an entire stranger, (if there was any consideration for the said note, which this defendant denies;) and that said mortgage-deed (if any was executed, which she denies,) was for the premises which were used and occupied at the time as a homestead by this defendant and her family, and which said premises has ever since been and now is used and occupied as a homestead by this defendant and her said family, (consisting of three minor children;) that said mortgage-deed (if any there was executed by this defendant, which she denies,) the execution of the same was not the voluntary

act and deed of this defendant, but the execution of the same (if any execution there was,) was extorted from and forced upon her, this defendant, by her said husband, said C. B. Bacheller, while the marriage relation existed as aforesaid, by threats and intimidations by the said C. B. Bacheller to her (this defendant) made, that he the said C. B. Bacheller would kill her, the said defendant, if she, the said defendant, did not execute the same; and that he, the said C. B. Bacheller, would do this defendant grievous and great bodily harm unless she, the said defendant, did execute the said mortgage-deed to said plaintiff for the said premises, and that he the said C. B. Bacheller would turn this defendant, then his lawful wife, out of house and home, unless she, the said defendant, would execute the said mortgage-deed, (if said mortgage-deed ever was executed,) and that he the said C. B. Bacheller would drive her, the said defendant, from her said home and send her to her father in the state of Kentucky, unless she the said defendant would execute the said mortgage-deed to said plaintiff; and that he the said C. B. Bacheller, who was at that time the lawful husband of this defendant, would separate himself from and abandon this defendant, together with her children, unless she the said defendant would execute said mortgage-deed; and that this defendant, believing that the said C. B. Bacheller would put his said threats and intimidations into execution if she the said defendant should not execute the same, and by reason thereof, and out of fear that he would do so, she the said defendant was constrained, forced, and compelled, by fear of great bodily harm, to execute the same against her (the said defendant's) will and consent, and contrary to her express wishes; and this defendant paid out of her own private earnings, and her separate property, a great portion of the purchase-money of said premises.

"Wherefore this defendant prays that said pretended mortgage-deed (if any there was executed,) be set aside and held for naught, and this defendant's title to said premises so as aforesaid occupied by her as a homestead be forever quieted against any claim of the said plaintiff thereto, and for such other and further relief as to the court, in equity and good conscience, may seem just and proper, besides the cost of this action."

Afterward, on the 27th of April 1873, the plaintiff filed his reply to this answer, which reads as follows:

(*Title.*) "And now comes the plaintiff by O. M. his attor-

ney, and for reply to the defendant Allie B. Bacheller's answer herein, denies each and every allegation therein."

On the 23d of May the plaintiff filed his motion for leave to file an amended replication in said action, which motion was granted, and the court entered an order allowing the plaintiff to file an amended reply; and on the same day the plaintiff filed an amended reply, which is duly entitled in the name of the court, and names of plaintiff and both defendants, and which then reads as follows:

"And now comes the said plaintiff, Henry Wright, and for his amended and special replication herein, (leave of court first had,) says, first, he admits that at the time of the execution of the mortgage in question the said Allie B. Bacheller was the lawful wife of the defendant C. B. Bacheller.

"The plaintiff for a further special replication to the second defense of defendant Allie B. Bacheller stated in her answer filed herein, states that on the 24th of December 1872, and after the execution of the mortgage in dispute, the defendant C. B. Bacheller, by a judgment rendered in this court, obtained a divorce from the defendant Allie B. Bacheller; that a judgment was rendered in said divorce suit, directing the said C. B. Bacheller to convey to the said Allie B. Bacheller the house and lot mentioned in plaintiff's petition, said conveyance to be by quitclaim deed, which the defendant C. B. Bacheller did execute and deliver to the defendant Allie B. Bacheller on the 1st day of January 1873; that by agreement between the defendants, the defendant Allie B. Bacheller was to pay off and discharge the said mortgage; that she well knew that the amount claimed was due and owing to the plaintiff for money borrowed of him to pay off a mortgage, which last-mentioned mortgage was given for the balance due for the purchase-money of said house and lot; and that the defendant Allie B. Bacheller, then and there promised the defendant C. B. Bacheller to pay the sum due the plaintiff on the mortgage in the petition mentioned, if the said C. B. Bacheller would so deed her said house and lot, the said C. B. Bacheller at the time having the legal title to said house and lot. Wherefore plaintiff asks judgment," etc.

The case was afterward tried by the court below, without a jury. The record shows that when the plaintiff first offered upon the trial to introduce his evidence, "the

defendant Allie B. objected to the introduction of any evidence being given by the plaintiff against her, because no evidence was admissible under the pleadings, which objection was overruled by the court, to which ruling of the court the said Allie B. Bacheller excepted." The plaintiff then introduced his evidence, to nearly all of which the defendant Allie B. objected, as being "irrelevant, incompetent, and immaterial." At one time the objection was, that the evidence was "incompetent and irrelevant, and no issue joined, and inadmissible under the pleadings." The said evidence of the plaintiff was introduced for the purpose of proving the due execution of said mortgage, and *prima facie* it unquestionably did so prove the same. After the plaintiff rested his case, the defendant Allie B. demurred to the plaintiff's evidence on the grounds, as alleged by her, "that the plaintiff has not adduced sufficient evidence in this case to entitle him to any relief against the defendant, or to prove a cause of action," which demurrer the court overruled, and the defendant excepted. The defendant Allie B. then introduced several witnesses for the purpose of proving that she did not execute said deed voluntarily, but that she executed it because her husband threatened to drive her from the premises if she did not execute it. She herself testified that she executed the mortgage, but that she did not do it voluntarily. The defendant then rested, and the plaintiff proceeded to offer rebutting evidence, and while introducing such evidence the defendant for the first time raised the specific question that there was no sufficient reply in the case putting in issue the allegations of the defendant's answer. "Defendant Allie B. Bacheller moved to strike out all the evidence introduced by plaintiff in rebuttal on the ground that it was incompetent, irrelevant, and immaterial under the issues made by the pleadings, *and no general denial in;* overruled, and excepted to by defendant Allie B. Bacheller. But afterward, the court having minutely examined the pleadings decided that there was no general denial in reply, and ruled out the plaintiff's evidence in rebuttal so far as Ed. S. Waterbury's

testimony, and that part of exhibit A of this bill of excep-
tions, which purports to be the acknowledgment of Allie B.
Bacheller—to which ruling of the court the plaintiff ex-
cepted." Exhibit A was the said mortgage, and the acknowl-
edgment thereon, as the same appears to have been executed
and acknowledged by the two defendants. The mortgage
and acknowledgment were in due form, and appeared on
their face to be properly executed, and both had previously
been read in evidence. It is evident from the foregoing,
as well as from the absence of every thing in the record
showing the contrary, that the precise question as to whether
the plaintiff had a general denial in the case, had not
previously been raised. The "Defendant Allie B. Bach-
eller then moved the court for judgment in her favor upon
the pleadings in the case, to which plaintiff objected. The
plaintiff then filed a motion for leave to amend his amended
reply, supported by affidavits," which motion reads as fol-
lows:

(*Title.*) "Comes now the plaintiff in the above-entitled
cause, and moves the court for leave to amend his amended
reply so as to deny each and every allegation of the second
defense set forth in the answer of defendant Allie B. Bach-
eller, except that she was the wife of C. B. Bacheller—for
the reason that the attorney of said plaintiff was of the opin-
ion, until the present ruling of the court, that the original
reply filed herein (which was a general denial) was to still
stand, and was not superseded by the amended reply filed
herein, but that in point of law said amended reply was only
additional to the original reply. O. M., Att'y for Plaintiff."

The affidavit of said O. M. in support of said motion reads
as follows:

(*Title and Venue.*) "O. M. being duly sworn deposes and
says, that he is the attorney for the plaintiff in the above-
entitled cause, who made up the pleadings for the plaintiff
in said cause, and that when he filed the amended reply
herein he had no intention of abandoning the original reply
then on file in said cause, but intended the amended reply to
be only an addition to said original reply, and then believed
(and did believe until the ruling of the court this morning)
that such was the legal effect of said amended reply, and that

18—16 KAS.

it did not supersede said original reply but that both stood together."

The court below overruled the plaintiff's motion for leave to amend his reply, and then overruled the defendant's motion for judgment on the pleadings. Afterward, other and additional evidence was introduced by each of the parties.

Under the circumstances of this case we think the court erred in overruling the plaintiff's motion to amend his reply. The plaintiff seems to have prosecuted his action in the utmost good faith in every particular, from beginning to end. He seems to have been entirely willing and desirous to have the case tried and decided upon its merits, notwithstanding the extraordinary answer filed by the defendant. He made no attack upon the sufficiency or good faith of such answer, but seemed desirous only of showing by evidence that the allegations thereof most favorable to the defendant were not true. And up to the time that the court ruled that he had no general denial in the case, he thought he could do so. He seems to have supposed that his "amended and *special* replication," was only a *special* replication in the case, and that his "general denial" was still his *general* plea therein, putting in issue all the material allegations of the second defense stated in defendant's answer. He in good faith intended that such should be the case, and with a few additional words in his reply such might have been the case. Amendments may be made in the manner the plaintiff intended to amend his original reply. (*Fitzpatrick v. Gebhart*, 7 Kas. 35, 44; *Hill v. Supervisors*, 10 Ohio St. 621.) But the plaintiff by the omission of a few words failed to make the amendment he desired to make. Now, replies may sometimes be waived by the parties going to trial without them. (*Wilson v. Fuller*, 9 Kas. 177, 189, 190; *Russell v. Smith*, 14 Kas. 336.) A reply may sometimes be filed during the progress of the trial. (*Taylor v. Hosick*, 13 Kas. 518, 526; *Grant v. Pendery*, 15 Kas. 236.) Amendments may sometimes be made to pleadings during the progress of the trial, or even subsequent thereto, upon such terms as may be just. (Code, §139.)

1. Amendment to pleadings; error to refuse.

Courts may sometimes commit substantial error by refusing to permit amendments to be made. (*Koons v. Price*, 40 Ind. 164.) And they may even commit substantial error in some cases by refusing to permit amendments to be so made during the progress of the trial. (*Gaylord v. Stebbins*, 4 Kas. 42; *Hunt v. Fyffe*, McCahon, 75; *Stringer v. Davis*, 30 Cal. 318; *Schieffelin v. Whipple*, 10 Wis. 81, 82; *Bailey v. Kay*, 50 Barb. 110.) But when we examine the defendant's answer, the reason becomes still more apparent why the plaintiff should have been allowed to amend his reply. The plaintiff desired to amend his reply so that it would put in issue those allegations of the defendant's answer which declared that she was forced by her husband to execute said mortgage against her will. He wished to deny what she had already in one sense denied. He wished to deny that she had involuntarily executed the mortgage. She had already denied that she had executed it either voluntarily or involuntarily. This she did in the same defense in which the allegations are which the plaintiff wished to deny. But in verifying the first defense she *swore* substantially that she never executed said mortgage in any manner, either voluntarily or involuntarily. In the second defense she denies that "she ever executed *any mortgage-deed* to said plaintiff, either separately or conjointly with her husband." These allegations are inconsistent with the affirmative allegations of the answer; for it cannot be true that she executed a mortgage under duress which she never

2. Inconsistent defenses. executed. The setting up of inconsistent defenses like these should never be encouraged. (*Butler v. Kaulback*, 8 Kas. 672, 673.) Under the circumstances of this case we think the court below should have allowed the plaintiff to amend his reply so that he could have litigated the question of duress upon its merits.

The defendant claimed that her second defense was not merely a defense to the plaintiff's action, but that it also set forth a cause of action on her part by way of counter-claim, for which she asked affirmative relief. Said second defense was filed as a cross-petition, and the court below

granted the affirmative relief which she asked. Now if said answer was what the defendant claimed it to be, and what the court below held that it was, then the plaintiff could not dismiss the whole action so as to commence again, for he could not dismiss the defendant's cross-petition, or counterclaim; (Code, § 398.) And the plaintiff should not have been required under the circumstances to take the chances as to whether said second defense stated a good affirmative cause of action on the part of the defendant or not. We think the amendment ought to have been allowed without costs.

We have assumed in this opinion that the second defense stated in the answer was sufficient, *as a defense,* to require a reply thereto, but we do not so decide. We simply express

3. Cross-action, or petition: sufficiency.

no opinion upon that subject. If it was not sufficient, then of course the judgment of the court below founded thereon cannot be sustained. As a cross-petition, setting forth an affirmative cause of action, a counterclaim, we think it was wholly insufficient. In such a case the cause of action must be set forth with the same particularity, completeness and exactness as it would be if it were set forth in a petition by a plaintiff. Viewed in this light, is said count sufficient? May a plaintiff allege in his petition that he never executed any mortgage, but if he did it was done under duress, and then ask the court to have it canceled and held null and void? We think not; and therefore we think that the second defense in defendant's answer is not sufficient to sustain the judgment rendered thereon. This might be otherwise if the judgment were attacked collaterally. But when attacked directly by a petition in error, as in this case, we do not think that the judgment can be sustained.

The plaintiff in error raises several other questions. For instance, he claims that the court below erred in permitting the defendant to introduce certain evidence of one R. M. Bradley, a witness for the defendant, which evidence reads as follows:

"By some means, one or more of the letters I wrote to her fell into the hands of Bacheller, who answered it in an inso-

lent manner, stating that unless his wife should unite with him in such mortgage, she should leave his premises, as he intended to do as he pleased with his own family, and his own business. There were several other threatening declarations in the letter against his wife, all tending in the same direction. These letters were destroyed by me, together with some others of the same character. As Bacheller and his wife were still living together as man and wife, deponent supposed that they would continue to do so, and did not want said letters to be seen by others."

Now there is no evidence in the case that shows that Bradley ever saw Bacheller, or knew anything about his handwriting; and nothing to show how Bradley knew that the answer he received was written by Bacheller, or came from him. There is nothing in the record that shows that Bacheller's wife ever knew, till the day of the trial, that Bacheller ever wrote any such letter to Bradley, or that he ever wrote any letter of any kind. There is nothing to show when Bacheller wrote this letter, or that it had any reference whatever to the mortgage in controversy. There was some illegal testimony offered and ruled out that tended to show that it had reference to the Wright mortgage. The genuineness of the letter, or its relevancy to the case, was not in any manner proved or shown, except by the foregoing evidence of Bradley. Whether this evidence of Bradley was erroneously permitted to be introduced, it is now wholly unnecessary for us to decide.

*Incompetent testimony.*

If the issues had been properly made up, the court would have erred in striking from the plaintiff's evidence the defendant's acknowledgment appended to said mortgage; for in such a case the acknowledgment should have been considered for what it was worth. (Gen. Stat. 188, § 26.)

The judgment of the court below in favor of the defendant in error and against the plaintiff in error will be reversed, and cause remanded for further proceedings in accordance with this opinion.

All the Justices concurring.