The opinion of the court was delivered by
Horton, C. J.:
On the 14th day of June, 1880, the plaintiff in error filed its bill of particulars before a justice of the peace of Dickinson county, to recover of the defendant in error the sum of $10 upon a written contract, dated October 23, 1879, of which the following is a copy:
To the Bird & Mieltle Map Company: Please make for each of Us whose names are hereafter annexed one copy of a map of Dickinson county, Kansas, for which we agree to pay to your order the sum of ten dollars per copy for the same when delivered at our respective residences or places of business:

Name. Date. Post Office. Business. S. T. R.

L. Jones.. 10-23.. Enterprise.........j Farmer and stock raiser.. 15-15-3.
Judgment was taken for plaintiff by default, before the justice, and afterward the defendant appealed to the district court. The case was heard there by the court with a jury, and a verdict returned for the defendant. The jury found upon the particular questions of fact submitted to them as follows:
“1. Did the defendant execute the order sued on in this case? Yes. ’ .
“2. Was the printing now on the order there at the time the defendant executed the same? Yes.
“3. Can the defendant read English print? No evidence.
“4.‘Was the map delivered to the defendant according to the terms expressed in said order? Yes.
“5. Was there fraud on the part of the .plaintiff in obtain-' ing defendant’s execution of said order? Yes.”
Judgment was rendered for the defendant, and plaintiff brings the case here for a rehearing.
*180 1- defenses, not required. 2' Sn'propériy limited. *179 Eleven allegations of error are alleged in the petition in error filed in this court and referred to in the brief of counsel representing plaintiff in error; but several of the alleged errors *180 are so trivial and unimportant that they scarcely deserve a passing notice. When the case was called for .trial in the district court, plaintiff moved the court to require the defendant to file his written answer to the bill of particulars. This motion the court overruled, and the plaintiff excepted. The statute provides that the case shall A A be tried de novo in the district court, upon the original papers on which the cause was brought before the justice, unless the appellate court, in furtherance of justice, allow amended pleadings to be made, or new pleadings to be filed. (Comp. Laws 1879, p. 720, §122.) This is a matter within the discretion of the trial court, with which we cannot interfere, unless that discretion has been abused. Now it appears from the record that the motion was delayed until the time for hearing the cause, and at such time the counsel of defendant stated verbally the defenses to plaintiff’s alleged cause of action. The court confined defendant’s testimony to his verbal defenses. Under these J > circumstances, we see no abuse of discretion or error on the part of the court prejudicial to plaintiff. In his verbal statement of his defenses to the action, defendant alleged that he did not execute the order sued on; second, that he admitted signing his name to a paper, and that if it was claimed that his signature was attached to the order sued on, the same was obtained by fraud and misrepresentation on the part of the plaintiff. Thereupon plaintiff moved the court to require the defendant to elect and state which of his two defenses he would rely upon, as they were inconsistent. This motion was overruled, and plaintiff excepted. The code provides that the defendant may set forth in his answer as many grounds of defense as he may have. In this case, he alleged that he did not execute the contract. His second answer was to the purport that, if his name was attached to the paper, it was obtained by fraud and misrepresentation. The making of the contract is not expressly admitted in his second defense, and the defenses are not wholly inconsistent; and defendant can be required to elect between which of several defenses he *181 will proceed to trial, only where the facts stated therein are so inconsistent that if the portion of one defense be admitted it will necessarily disprove the other. (Pavey v. Pavey, 30 Ohio St. 600.) After the court refused the motion to compel defendant to elect upon which defense he would rely, he filed an affidavit in words and figures as follows:
“The Bird & Mickle Map Company, Plaintiff, v. L. Jones, Defendant. — Comes now L. Jones, defendant herein, who, being duly sworn, on oath says, that he never signed or executed the instrument sued on by plaintiff, as he verily believes. Lowrby Jones.
“Subscribed and sworn to before me, this 26th day of March, 1881. A. S. Davidson, Clerk.”
At the time this paper was filed, it had indorsed thereon the words and figures following:
“Bird & Mickle Map Co. v. L. Jones. Answer filed March 26, 1881. A. S. Davidson, Clerk.”
Upon' the trial, plaintiff objected to any of the evidence being admitted, excepting such as proved directly that the defendant did not sign the order sued on; this upon the theory that the affidavit .was the sole defense, and that nothing should be admitted excepting to show the defendant did not sign'the order. We think the evidence objected to admissible, even upon the' defense of the non-execution of the instrument, because the conversation testified to occurred immediately at the time the defendant signed the paper, and was a part of the res gestee of the transaction. While the conversation had with the agent tended to show that the defendant’s signature was taken, yet it also tended to show that no order or contract was signed, but merely that the defendant’s name was written upon a slip of paper so that the agent might get his name right upon the map.
*184 3. Evidence,petentand reie *181 The most serious question presented in the case concerns the action of the court in permitting the defendant to intro-, duce in evidence conversations had with the agent of the plaintiff who obtained the order sued on in this case, respecting other orders taken at different times and from other parties under like circumstances, and the conversation of another *182 agent of plaintiff respecting other like orders taken from other parties. The defendant testified that he signed his name upon a slip of paper containing some names but not showing any printing, at the request of the agent for plaintiff, only fdr the purpose of giving him the correct spelling of his name for his map, and for no other purpose, and that such agent asked him for his signature only for that purpose. Other witnesses testified that the same agent, near the same time, obtained their names upon his paper by similar fraudulent acts and practices. Also, certain witnesses stated that another agent of plaintiff, at or about the same time, fraudulently obtained their names upon like papers by similar practices — the agents assuring the parties that their names would not cost them a cent; sometimes saying that “they wanted the names to certify that their property they lived on was in that part of the section;” at other times saying “that the company employed them to canvass to get the description of the county, and unless they had some names to show, they would probably think they were sitting around town doing nothing and gathering their information there;” again, that “they needed every man’s name when they took a description of his farm, so as to get his name on the map right.” At the time of signing, according to the evidence of the defense, the paper or order was so held by the agents that the writers saw nothing but some names and the page they wrote on, the printing on the paper being turned under and concealed. It is the rule that evidence, to be admissible, must tend to prove the issue or issues in the case, and this rule excludes the evidence of collateral facts, or those which are incapable of affording any reasonable presumption or inference as to the principal fact or matter in issue; yet, in some cases, evidence is received of facts in which the knowledge or intent of the party is a material fact, and on which the evidence, apparently collateral and foreign to the main subject, has a direct bearing. In Lincoln v. Claflin, 7 Wall. 132, in an action brought to recover damages against the defendants for fraudulently obtaining the property of the plaintiffs, the declarations of the defendants *183 were received on the trial, which related., not merely to the transaction which was the subject of inquiry in the action, but to some contemporaneous transactions with other parties. Mr. Justice Field, speaking for the court, in commenting upon the reception of the evidence, said: “It was not'incompetent or irrelevant as contended by counsel. Where fraud in the purchase or sale of property is in issue, evidence of other frauds of like character committed by the same parties at or near the same time, is admissible. Its admissibility is placed on the ground that where transactions of a similar character, executed by the same parties, are closely connected in time, the inference is reasonable that they proceed from the same motive.” In Rowley v. Bigelow, 12 Pick. 306, concerning a fraudulent purchase of goods by one Martin, testimony was offered in the trial court of persons of whom Martin had made similar purchases of like articles about the same time, and under circumstances tending to show that he was insolvent and had no reasonable expectation of paying for the merchandise according to his contract. Shaw, C. J., said: “The evidence has a direct and material bearing upon the fact in issue: it tends to show that at the time this ostensible purchase was made, Martin was insolvent; that he knew he was insolvent; that he had no reasonable ground to believe that he could pay the cash; and that he did not expect to pay the cash for the merchandise which he purchased, and so that he obtained goods by false pretenses. . . . The evidence bears upon the quo animo, the intent, the fraudulent purpose.” Upon these authorities and the cases therein cited, we think it may be stated that the evidence of intent to defraud through acts similar to the offense charged, done at or about the same time, and when the same motive to offend may reasonably be supposed to have existed as that which was in issue, was admissible. See also Cary v. Hotailing, 1 Hill, 311; 1 Gr. Ev., § 53, and notes. As the court confined the evidence to the acts and conversations of the agents of the plaintiff in regard to taking orders, at or near the same time that the defendant was induced to write his name upon *184 the paper sued on, and as all the fraudulent transactions were of a similar character to those testified to by him, the evidence was not incompetent or irrelevant. While apparently collateral, it had a direct bearing upon the intent and conduct of the agents; and for their acts- and statements in taking the orders, the plaintiffs are civilly responsible when they seek to enforce such orders against the parties whose signatures were obtained by such fraudulent practices.
4 written aveaMn^not The next error complained of is, that the court did not give all the instructions in writing. The plaintiff’s made request prior to the commencement of the charge to have it reduced to writing, and the charge of the court upon the merits was so given. Afterward the court directed the jury orally as to the manner of answering the special findings submitted. No objection or exception was taken to the oral directions in reference to such special findings, and ii any error was committed by the court, it was waived by the parties. But it is doubtful, under the ruling in Prater v. Snead, 12 Kas. 447, and The State v. Potter, 15 Kas. 302, whether the oral statements made to the jury as to the manner of answering the special findings and explaining them, were any violation of the statute. Clearly, under the circumstances, as the alleged error is now presented to us, the action of the trial court is no ground for reversal of the judgment.
The final objection of any merit is, that the court refused to require the jury to answer the question submitted, “Can the defendant read English print?” To this the jury replied, “No evidence.” Counsel for plaintiff in error refer us to a page of the record in which they say there is positive evidence that this answer was false. We have examined the page referred to, and find no evidence in regard to the question. We do find, however, upon another page of the record, that when the defendant was about to be examined, he was requested to look at the paper sued on, and asked to read it. We also find tliat he then testified, after holding it in his *185 hands in court, that he had read it, and the implication from this is that he could read English print. Yet this question of fact was not so pertinent and important in the case as to demand a reversal of the judgment because it was not answered. That question was not one of the issuable, essential and principal facts to be determined by the jury. It was a minor fact, and only important in tending in some degree to enable the jury to determine the issuable and principal facts. (A. T. & S. F. Rld. Co. v. Campbell, 16 Kas. 200.) The other matters submitted we do not think it necessary to comment upon.
The judgment of the district court must be affirmed.