MARTHA A. CARTER v. L. STROM *et al.*
**No. 211.**

1. PLEADING IN JUSTICE'S COURT—*no written answer required.*
The case of *Map Co.* v. *Jones* (27 Kan. 180) cited and followed
as to the duty of the district court to require the defendant to file
an answer in a case appealed to it from a justice of the peace.

2. VERDICT—*supported by some evidence, not disturbed.* A ver-
dict of the jury which has been approved by the trial court will
not be disturbed where there is some evidence tending to support
each fact necessary to sustain such verdict.

3. APPELLATE PRACTICE—*error not specified, not considered.* An
assignment of error not specified and argued in the brief of plain-
tiff in error is considered waived.

Error from Marion District Court. Hon. Frank
Doster, Judge. Opinion filed November 16, 1897.
*Affirmed.*

*H. A. Kerr*, for plaintiff in error.

*J. T. Dickerson*, for defendants in error.

DENNISON, P. J.  This action was brought in justice's
court in Marion County, Kansas, by Martha A. Carter,
as plaintiff, against L. Strom and others, as defendants,
to recover judgment against L. Strom, as principal,
and Jacob Anderson and Frank S. Anderson, as sure-
ties, upon a promissory note of $150 with interest, exe-
cuted by them and delivered to the plaintiff.  The only
pleading filed in the case was the promissory note,
which had an indorsement upon the back thereof of
a payment of ten dollars.  Judgment was rendered
for the plaintiff in the sum of $130, and the defend-
ant appealed to the District Court.  Upon the calling
of the jury, the attorney for the plaintiff asked that
the defendants be required to file an answer, which
request was by the court overruled.

At the commencement of the trial, the attorney for the plaintiff made the following statement of his case to the jury :

"Gentlemen of the jury, I have n't very much of a statement to make. This is a case in which Mrs. Carter has brought suit on a promissory note. The note is made payable to her three months after date ; it is long past due, and suit was brought upon it in justice's court and judgment rendered in favor of the plaintiff, and an appeal was taken on the part of the defendant. Mrs. M. A. Carter is plaintiff in the case, and this note is payable to her. It is signed by L. Strom, as principal, and by John Anderson and Frank Anderson, as sureties. The burden of proof is upon them to establish the amount that they claim has been paid. We do not have to prove anything, because the possession of the note and its being payable to her are evidence that the defendant is indebted to her. If they have made payments on the note, then the burden is upon them to prove it ; otherwise, we are entitled to a verdict."

Thereupon the attorney for the defendants made the following statement of their defense to the jury :

"Gentlemen of the jury, we admit the execution of this promissory note, but we claim that we have paid nearly all of this note. We have paid a large portion of it, and have the receipts of one A. Altdoerffer, as agent and collecting attorney for Mrs. Carter."

By Mr. Kerr. "We object to this statement to the jury ; it seems to me they ought to show some agency."

By Mr. Dickerson. "We have the receipts of Mr. Altdoerffer which we will show you. We claim that at the time this money was paid it was indorsed upon the back of this note, and that since that time, by somebody, these indorsements have been erased from the note. We further claim, as a payment on this note, payments of interest on a prior note, of which this is a renewal, for $360, and that we have been paying three per cent. on it, and that we ought to have the amount of usury applied to the

payment of this note. This, gentlemen, is our defense. We will show you, gentlemen, also, that we made a tender of the amount due, before the commencement of this action."

The jury returned a verdict in favor of the defendants, and the court rendered judgment thereon. The plaintiff brings the case here for review.

It is contended that the court erred in refusing to require the defendants to file an answer upon the request of the plaintiff. In the case of *Map Co. v. Jones* (27 Kan. 180), our Supreme Court says:

"The statute provides that the case shall be tried *de novo* in the district court, upon the original papers on 'which the cause was brought before the justice, unless the appellate court, in furtherance of justice, allow amended pleadings to be made, or new pleadings to be filed. Comp. Laws 1879, p. 620, § 122. This is a matter within the discretion of the trial court, with which we cannot interfere, unless that discretion has been abused. Now it appears from the record that the motion was delayed until the time for hearing the cause, and at such time the counsel of defendant stated verbally the defenses to plaintiff's alleged cause of action. The court confined defendant's testimony to his verbal defenses. Under these circumstances, we see no abuse of discretion or error on the part of the court prejudicial to plaintiff."

Following the decision in that case, we must hold that no error was committed by the trial court in refusing to require the defendant to file an answer or bill of particulars in this case.

It is also contended that the court erred in overruling the motion for a new trial. There are no assignments of error in the brief, but the motion for a new trial sets forth four grounds, as follows:

"1. Surprise which ordinary prudence could not have guarded against.

"2. Error in the assessment of the amount of recovery, it being nothing.

"3. That the verdict is not sustained by sufficient evidence and is contrary to law.

"4. Newly discovered evidence material to plaintiff, which she could not, with reasonable diligence, have discovered and produced at the trial."

The plaintiff does not explain to us how she was surprised. The second and third grounds may be considered together. While we think the verdict is not sustained by much evidence, there is some evidence which tends to support each fact necessary to sustain the verdict. We might have set aside the verdict and granted a new trial had we been the trial judge; but as the trial court approved the verdict and rendered judgment thereon, we cannot weigh the evidence or disturb the judgment for this reason.

We are not informed as to whether the plaintiff relies upon the question of newly discovered evidence. No argument is made in her brief nor are any authorities cited to support this alleged error. We do not feel it to be our duty to brief the case upon this point.

The judgment of the District Court is affirmed.