A. De Lissa v. The Fuller Coal and Mining Company.

No. 10613.

1. INCONSISTENT DEFENSES — *general denial and defense that contract sued on was induced by fraud, are not.* When, to a petition alleging that a contract signed by F. was in reality executed by him for and on behalf of the defendant, an answer was filed consisting: First, of a general denial; and second, of the defense that F. was fraudulently induced to sign the contract, *held*, that the allegation of fraud, though made as to wrongs committed upon F. and not upon the defendant, was material as a defense; the two defenses were not inconsistent; the defendant could not be required to elect upon which defense he would stand, and the burden of proof did not rest upon him, as in case of a plea of confession and avoidance.

2. IMPROPER CROSS-EXAMINATION — *of plaintiff, not ground for reversal unless prejudicial.* An improper cross-examination of the plaintiff considered, and held not to have been prejudicially erroneous.

Error from Crawford District Court. J. S. West, Judge. Opinion filed April 9, 1898. *Affirmed.*

*J. D. McCleverty,* for plaintiff in error.

*O. T. Boaz,* for defendant in error.

DOSTER, C. J.  This was an action upon a promissory note, brought by the plaintiff in error against the defendant in error, a corporation.

The note was not executed by the defendant in error, but upon its face purported to be the obligation of one George P. Fuller. Summarized, the claim of liability made by the plaintiff, in his petition, against the defendant, is as follows: George P. Fuller and others were partners, and by agreement among themselves bought from the plaintiff in error a tract of land in Missouri. The purchase was made in the name of the said Fuller, but for the benefit of the partnership. It was made in contemplation of the organization of a corporation, to be composed of the partnership members, to which, when organized, the land was to be conveyed, and used for coal mining purposes. Within a short time thereafter, the members of the partnership organized themselves, as theretofore agreed, into the defendant corporation; upon doing which, the lands were conveyed to it by the said Fuller in pursuance of the agreement. The note sued upon had been given by Fuller to the plaintiff as part of the purchase price of the land, and with the agreement among the partners as promoters of the corporate enterprise that it should be the obligation of the corporation when organized.

To this petition the defendant answered, first, by a general denial, and second, that the plaintiff had effected a sale of the lands in question to the said Fuller and procured the execution of the note by him by means of a fraudulent conspiracy between the plaintiff and other persons as his agents, by which they induced Fuller to believe the lands to be more valuable than they really were, and to purchase them at a price largely in excess of their real value, by representing and pretending to him that, in the event of his purchase of the lands, they, the agents, would take them off his hands at an advanced price and would pay for the same. To this second defense the plaintiff replied by a general denial.

At the beginning of the trial, the court ruled that under the pleadings the affirmative of the issues and the burden of proof rested upon the plaintiff, to which ruling exception was made. The plaintiff then moved the court to compel the defendant to elect upon which ground of defense — the general denial or the allegation of new matter — he would stand. This motion was denied, to which exception was taken. The case was tried to the court without a jury, and a general finding made and judgment rendered in favor of the defendant, from which judgment the plaintiff prosecutes error to this court.

The principal contention of the plaintiff in error is that the answer of the defendant should have been treated as a plea of confession and avoidance, in which case the allegations of. new matter contained in the answer would override or neutralize the general denial, and impose the burden of proof upon the defendant; or, if the answer should not be treated as a plea of confession and avoidance, the general denial and allegations of new matter as grounds of defense were inconsistent, and therefore the defendant should have been compelled to elect upon which it would stand; or, if neither of these contentions were sound, the allegations of new matter in the answer were immaterial, because, *first*, not amounting to a charge of legal fraud, and *second*, the fraud, if any was practiced, was upon Fuller and not upon the defendant. All of these contentions are so connected with each other they may be considered together.

We are aware that in actual practice objections are often made and sustained to defenses in answers upon the ground that they are inconsistent with each other. The question of the validity of such objections has seldom been presented to this court, and no attempt has ever been made to declare a general rule upon the

subject. Only the special facts of the cases presented have ·been passed upon. However, considering the numerical weight of the authorities, it would seem that an objection to defenses in an answer upon the ground of their inconsistency with each other could never be sustained. Mr. Pomeroy, in his work on Code Remedies, section 722, says :

"Assuming that the defenses are utterly inconsistent, the rule is established by an overwhelming weight of judicial authority, that, unless expressly prohibited by the statute, they may still be united in one answer. It follows that the defendant cannot be compelled to elect between such defenses, nor can evidence in favor of either be excluded at the trial on the ground of the inconsistency."

Practically, the only dissent from the rule thus stated is by the courts of Minnesota and Missouri. However, it will not be necessary to undertake to ascertain what the true rule is. Without determining whether defenses absolutely and irreconcilably inconsistent may nevertheless be pleaded and relied upon, it will be sufficient· in this case to learn whether the defenses set up in the defendant's answer are, as a matter of legal logic, inconsistent. In the case of the *Citizen's Bank v. Closson*, 29 Ohio St. 78, it was ruled that a denial of the execution of a promissory note, and an allegation that, if it was executed, the signature was obtained by fraud, were not inconsistent. In the opinion the court said :

1. Defenses not inconsistent.

"Taken together, the two defenses amount to this : That the defendant is ignorant whether he signed the note or not ; he does not believe he signed it, and therefore denies it ; and that, if he did sign it, his signature was obtained by fraud, and without consideration."

In the case of *Pavey v. Pavey*, 30 Ohio St. 600, a denial of the execution of a promissory note and an

averment of lack of consideration for it were held to be not inconsistent. In the opinion the court said :

"It is claimed that want of consideration can be pleaded only by way of confession and avoidance, and that therefore the second defense is necessarily inconsistent with the first. But the making of the note is not expressly admitted in the second defense. It can be regarded as admitted only by implication of law, as a mere technical supposition on which the defense proceeds, and not as an admission of fact. . . . The true rule, then, would seem to be, that the defendant can be required to elect between defenses only where the facts stated therein are so inconsistent, that if the truth of one defense be admitted, it will disprove the other. In the case before us this inconsistency does not exist, for it may be true that the defendant did not make the alleged note, and that there was no consideration therefor. Proof that would sustain one of the defenses would not necessarily disprove the other." See *Map Co. v. Jones*, 27 Kan. 177–180.

So, in this case, it may be said that a denial of the execution of the note in behalf of or as the obligation of the defendant may be well made, and it may also be true that the person by whom it was made was defrauded into its execution. Therefore, passing by the question whether inconsistencies between the several defenses of an answer may be tolerated, and assuming, for the purpose of meeting the objections of the plaintiff in error in this case, that they are not allowable under our practice, it would nevertheless seem that to justify the objection the inconsistency must be such as to constitute the proof of one defense a direct and positive denial of the other ; and that if the inconsistency between the two exists by inference or implication, and can be made out only by argument, both of them may stand.

The views thus expressed likewise dispose of the objection that the answer is to be treated as a plea of

confession and avoidance. A plea of confession and avoidance is one which admits that the plaintiff had a cause of action, but which avers that it has been discharged by some subsequent or collateral matter. Encyc. Pleading and Practice, vol. 4, 664, *et seq*. The answer in this case makes no admission of a right of action in the plaintiff at any time, but on the contrary denies a right of action in him at any time. It denies that the note in suit was executed in behalf of the defendant. It is only upon the assumption that the special plea of fraud in procuring the execution of the note, implies an admission of liability except for such fraud, that the argument of plaintiff in error as to this matter rests. If a plea in denial of the execution of an instrument, and another asserting fraud in its execution, are not inconsistent, the latter cannot be held to be in confession and avoidance. As analyzed by the Supreme Court of Ohio, in the cases before cited, it amounts only to this : " The note was not executed in my behalf, and I therefore deny liability ; but, if the person executing it undertook to bind me by its terms, I assert that he was fraudulently induced to do so." The rule of evidence involved in the consideration of this particular question is directly to the contrary of the claim made by the plaintiff in error. Mr. Pomeroy in his work on Code Remedies, section 724, says :

"When a denial is pleaded in connection with a defense of new matter, or two defenses of new matter are set up, the admissions in the one can never be used to destroy the effect of the other. The concessions of a defense by way of confession and avoidance do not obviate the necessity of proving the averments contradicted by the denial. This rule is universal."

Were the allegations of fraud practiced upon George P. Fuller material as a defense in this case, he being, as alleged, a stranger to the defendant, and his acts

in nowise obligatory upon it? The conclusion that the defenses set up in the answer are not inconsistent, but that they may be pleaded in the alternative, disposes of the objections made to the answer upon this score. It was allowable to the defendant to say: "The obligation sued upon is not mine, and was not executed on my behalf, and the one who executed it had no authority to bind me by its terms; but, if such be not the case — if it be that the obligation was executed by my agent and on my behalf — he was fraudulently induced to enter into the contract." Of course if the matter alleged against the plaintiff consisted in merely vaunting the value or extolling the qualities of his land, they would not amount to charges of legal fraud. But they are more than this. They are allegations that plaintiff procured others as his agents to fraudulently represent and pretend that they would take the land off the hands of Fuller, at a large advance in price, if he would purchase. This, if true, was not mere "puffing"; it was lying, and was fraudulent.

An objection is made to the consideration of the answer as a defense, upon the ground of fraud, to a suit for purchase money, because it made no tender of reconveyance of the land purchased; and a like objection is made to the consideration of the evidence received under the answer, because unaccompanied by an offer of reconveyance. As a general rule, subject to some exceptions, an offer of reconveyance need not be made in the pleadings. The requirement is rather upon the court to impose equitable terms, than upon the rescinding party to propose them. *Thayer v. Knote*, 59 Kan. 181, 52 Pac. 433. If it appeared that the purchase by Fuller had in reality been made for the defendant, a reconveyance, perhaps, should have been adjudged; but it does not so appear.

The findings of the court were general. We cannot tell whether it rested its judgment upon the defense that the land-purchase was Fuller's contract with which the defendant had no concern, or upon the implied admission in the answer that it was the defendant's contract, into the making of which Fuller, as its agent, had been fraudulently entrapped. There was evidence in the case tending to support both of these claims of defense. If the court rested its judgment upon the one last stated, a reconveyance should have been ordered; if upon the one first stated, it should not have been ordered, because the defendant, having received nothing, had nothing to reconvey. While we cannot know as a fact upon what ground its general finding was made, we must asssume it to have been made upon the one first above stated; that is, upon the denial of interest in the land-purchase made by Fuller. Had it been made upon the other ground, the court would doubtless have ordered a reconveyance, because it would have been equitable to do so.

Upon the trial of the case the plaintiff testified as a witness in his own behalf. His testimony tended to prove that the land purchase was made by George P. Fuller in the interest of the defendant corporation. A large part of his cross-examination consisted in the identification of letters written by him to others as his agents, detailing plans to induce Fuller to purchase the land, and likewise consisted of explanations of his purpose and meaning in writing the letters. This cross-examination was apart from anything about which he had testified in chief, and it tended quite strongly to sustain the charge of fraud made in the defendant's answer. It was objected to as not proper cross-examination. This objection should have been sustained; but, under the peculiar circumstances of

2 Improper cross-examination not ground for reversal, when

the case, we are unable to see wherein the plaintiff has been substantially prejudiced by not sustaining it. The witness was the opposing party — the plaintiff, and was therefore hostile in interest, and probably hostile in spirit and feeling towards the defendant. To have compelled the defendant to make this adverse hostile party his own witness, and thereby to limit and fetter himself by differing and narrower rules of examination, might have prevented the full development of its theory of the case. It would be very difficult indeed for a litigating party, seeking to prove the fraud of his adversary, and being compelled to do so by that adversary himself, to satisfactorily make his proof, if he were compelled to use him as his own witness, and limit himself by the ordinary rules of examination in such cases. The only way in which it could be done, were he to call him as his own witness, would be to treat him as if upon cross-examination, and this in the discretion of the court may be done. The only departure in this case from the ordinary rule in such cases was in the matter of time at which the cross-examination was permitted. Nothing suggested to us in the brief or argument of counsel, or that we have perceived in the record, tends to show that this examination out of time worked any prejudice to the plaintiff, nor can we conceive wherein he was prejudiced by it. We by no means wish to be understood as sanctioning the practice of parties in departing from the ordinary rule. It is doubtless true that in many cases a departure from the rule would result in prejudice; but none has been shown in this case.

The plaintiff in error claims that his evidence established the fact of the purchase of the land by Fuller for the defendant in error, and that the judgment of the court should therefore have been in his favor. The evidence as we view it is conflicting. Some of it

tends to support the negative contention of the defendant in error. In such case, under the thoroughly established and familiar rule, we cannot disturb the findings of the court below. Its judgment will therefore be affirmed.