No. 33,084

R. P. PINEGAR, *Appellant*, v. WILLIAM C. WEBSTER, LILLIAN DUNLAP WEBSTER, MAUDE KINSEY (*nee* KING) and PHILLIP R. KINSEY, *Appellees*.

(64 P. 2d 546)

Opinion filed January 23, 1937.

*John B. Bryant* and *B. Mack Bryant*, both of Wichita, for the appellant.
*William Keith*, of Wichita, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: The question involved in the appeal in this foreclosure case is whether or not the answer of the defendants contained inconsistent defenses to the suit on the note and mortgage alleged to have been signed by them.

The answer first contains a general denial of each and every allegation, statement and averment contained in plaintiff's petition, except as hereinafter admitted. The third and fourth paragraphs of the answer are as follows:

"Answering defendant denies that he, at any time, executed or delivered the promissory note and/or the mortgage set forth in plaintiff's petition as exhibits 'A' and 'B' attached thereto.

"This defendant specifically denies that he, at any time, signed or executed the said supposed promissory note set forth in plaintiff's petition herein, and

likewise denies that he, at any time, signed or executed the said supposed mortgage set forth and referred to in plaintiff's petition herein, and alleges that, if the name of this defendant appears upon said promissory note, either as maker or endorser, and/or upon said mortgage as maker thereof, the said signatures are forgeries or were procured and/or induced by fraud of the plaintiff as hereinafter set forth."

The fifth and sixth paragraphs go into detail as to the relation of the parties in connection with their niece and her intended husband erecting a dwelling on the lot which the defendants were donating to the niece and their getting a loan on it from the building and loan company and their giving a second mortgage to the plaintiff in this action for the balance of the cost of the building, and that they were asked by the plaintiff and the secretary of the building and loan association to sign some of the papers as witnesses to signatures of their niece and her prospective husband, that the secretary of the building and loan association represented to them that it was necessary to have the signature of witnesses to the execution of these papers, that they would incur no liability in signing said papers, that no note or mortgage was read or shown to them.

"And if such note and/or mortgage was contained in the papers signed by him it was so disguised and concealed by plaintiff and/or the said Louis Danner and the language of said agreements, that he, said defendant, could not with reasonable diligence have discovered the same . . . that the aforesaid representations and assurances made to this defendant by plaintiff and the said Louis Danner were false and were made with the intent to deceive and defraud this defendant; that defendant relied thereon, and so relying did sign papers as aforesaid. And this defendant avers that he never gave said note and/or said mortgage or any other note or mortgage to said R. P. Pinegar and if his signature to said note and to said mortgage is genuine, it was obtained without his knowledge or consent, and by some fraudulent means to him unknown, and which he could not prevent by the use of due diligence; that this defendant received no consideration whatever for said note if his signature thereto is genuine, and did not know of the fraud practiced on him as aforesaid until on or about November 8, 1934."

The defendants, husband and wife, filed separate answers, each separately verified, but they were identical in language. The niece and her husband, they now being married, were also made parties defendant in the foreclosure action, and it was alleged in the petition that they occupied the premises, but we are not concerned in this appeal with any answers made by them, if they made any. A reply was filed to the answers of the defendants, Kinsey and wife, which amounted to a general and special denial, and an allegation of inconsistency in the allegations of the answer.

The case was tried to a jury, and in connection with the opening statement made by the defendants, the defendants claimed that ·their answers were in the alternative, first that the signatures are forgeries, and if genuine signatures be shown, that they were procured by fraud and misrepresentation. The court required the defendants to elect, and the defendants did elect the defense of forgery. The court excluded the evidence offered by defendants on the ground of fraud and misrepresentations and submitted to the jury four questions as to whether they found that the separate defendants signed the note and mortgage in question, one marked exhibit 1 and the other exhibit 2. All four questions were answered by the jury in the affirmative. The court received the special verdict and discharged the jury. Within due time the defendants filed their motion for a new trial, and the court by way of letter addressed to counsel for plaintiff and defendants, which is made a part of the journal entry, stated:

"GENTLEMEN—In view of the position which the Kansas Supreme Court seems to have taken on the question of inconsistent defenses a new trial will be granted in the above entitled case."

The court thereafter, as shown by the letter, granted a new trial of the issues between the plaintiff and the two Kinsey defendants as formed and settled by their respective pleadings. From this ruling the plaintiff appeals to this court.

Among the decisions cited by the appellee in support of the ruling of the trial court in granting a new trial are the following from this state: *De Lissa v. Coal Co.,* 59 Kan. 319, 52 Pac. 886; *Wright v. Bacheller,* 16 Kan. 259; *Map Company v. Jones,* 27 Kan. 177; *Disney v. Jewelry Co.,* 76 Kan. 145, 90 Pac. 782 and *Light Co. v. Waller,* 65 Kan. 514, 70 Pac. 365.

The first-named case is specifically in point, but the allegations of the answer are, we think, quite different from those in the case at bar. There the note upon which suit was commenced was given by an individual named Fuller to the plaintiff as part payment of the purchase price of some land and with the agreement among the maker thereof and his partners as promoters of the corporation enterprise that it should be the obligation of the corporation when organized. The corporation answered, as stated in the opinion:

" . . . first, by a general denial, and .second, that the plaintiff had effected a sale of the lands in question to the said Fuller and procured the execution of the note by him by means of a fraudulent conspiracy between

the plaintiff and other persons as his agents, by which they induced Fuller to believe the lands to be more valuable than they really were, and to purchase them at a price largely in excess of their real value, by representing and pretending to him that, in the event of his purchase of the lands, they, the agents, would take them off his hands at an advanced price and would pay for the same." (p. 320.)

The plaintiff in that case moved to require the defendant to elect between the two defenses. This was overruled and judgment was rendered for the defendant, and upon affirming that judgment in this court it was held:

". . . that the allegation of fraud, though made as to wrongs committed upon F. and not upon the defendant, was material as a defense; the two defenses were not inconsistent; the defendant could not be required to elect upon which defense he would stand, and the burden of proof did not rest upon him, as in case of a plea of confession and avoidance." (Syl. ¶ 1.)

The rule stated in Pomeroy in his work on Code Remedies, section 722, was cited in the opinion but not applied to the facts, and it was stated in the opinion that—

"Without determining whether defenses absolutely and irreconcilably inconsistent may nevertheless be pleaded and relied upon, it will be sufficient in this case to learn whether the defenses set up in the defendant's answer are, as a matter of legal logic, inconsistent. . . . Therefore, passing by the question whether inconsistencies between the several defenses of an answer may be tolerated, and assuming, for the purpose of meeting the objections of the plaintiff in error in this case, that they are not allowable under our practice, it would nevertheless seem that to justify the objection the inconsistency must be such as to constitute the proof of one defense a direct and positive denial of the other. . . ." (pp. 322, 323.)

Twice in the portion of the opinion above quoted the court specifically avoided stating a general rule as to inconsistent defenses, but distinctly held that the denial of the execution of a note in behalf of, or as the obligation of, the defendant may be well made and it may also be true that the person by whom it was made was defrauded in its execution, but the opinion adds as above quoted, "that to justify the objection the inconsistency must be such as to constitute the proof of one defense a direct and positive denial of the other." This we think is in accord with the general definitions of inconsistency but as stated in the opinion it was not applicable to a general denial of execution by another and an allegation of fraud. The proof of either of these defenses would not necessarily be a positive denial of the other defense.

In the Disney case it was held that the defense of being fraudu-

lently induced to sign a contract of sale of goods on the false representation that it contained the stipulations previously agreed upon to the effect that the goods were to be sold on commission and were not purchased by defendant, was not inconsistent with the defense that the goods were not of the quality stipulated.

In the Wright case, the wife of the principal defendant, in an action to recover judgment on a note and foreclosure of a mortgage, denied under oath that she ever executed the note and mortgage, and further pleaded that if she ever executed them she did so under duress and without consideration and many other similar defenses, and the court in the opinion, on page 267, said:

"In the second defense she denies that 'she ever executed *any mortgage-deed* to said plaintiff, either separately or conjointly with her husband.' These allegations are inconsistent with the affirmative allegations of the answer; for it cannot be true that she executed a mortgage under duress which she never executed. The setting up of inconsistent defenses like these should never be encouraged."

In the Jones case, the action was commenced in the justice of the peace court and appealed to the district court; consequently, there was no written answer. It was an action to recover upon a printed order, and the attorney for the defendant stated the defense in the district court as follows:

". . . first, that the defendant did not execute the order sued on; and second, that he admitted he signed his name to a paper; but if it was claimed that his signature was attached to the order sued on, the same was obtained by fraud and misrepresentation on the part of the plaintiff." (Syl. ¶ 1.)

And it was held in the Jones case not to have been error to overrule the request to require defendant to elect.

In the Waller case it was held that—

"A general denial and a plea of contributory negligence are not inconsistent defenses." (Syl. ¶ 2.)

The DeLissa case was cited and distinguished in the case of *Felix v. Railway Co.*, 60 Kan. 467, 57 Pac. 128, on pages 472 and 473 as follows:

"In that case the writing in question did not purport to be that of the defendant; therefore the denial of its execution by the defendant did not require verification upon oath. . . . the defendant was not bound in the first instance to give evidence in avoidance of the note, because he was not charged with having executed it."

The case in which this distinction was made involved the attack of the plaintiff in his reply to the release pleaded by defendant,

and it was held that the reply "although verified by the plaintiff, does not put in issue the execution of the release, but will be construed to be an admission of its execution and a plea of matter in avoidance of it. . . . " (Syl. ¶ 1.)

The DeLissa case was again cited in the case of *Fetzer v. Williams*, 80 Kan. 554, 103 Pac. 77, and the following comment and conclusion was made in the opinion on page 557:

"As already indicated, the answer showed some mingling of inconsistent theories. The defendant, upon the strength of an expression from section 722 of the third edition of Pomeroy's Code Remedies, quoted but not acted upon in *DeLissa v. Coal Co.*, 59 Kan. 319, suggests that an objection to defenses in an answer upon the ground of their inconsistency can never be sustained. . . . This court has long been committed to the proposition that a general denial is regarded as modified by admissions made in stating a special defense, which is only an application of the broader principle that every pleading must be consistent with itself. (*Albert Wiley v. Keokuk*, 6 Kan. 94; *Butler v. Kaulback*, 8 Kan. 668.)"

In *Butler v. Kaulback*, 8 Kan. 668, it was said in the opinion:

"It is impossible that a thing may be true and untrue at the same time. For this reason parties are not allowed to set up inconsistent defenses, for such defenses carry falsehood upon their face. Therefore, whenever a defendant admits anything in his answer, it is right to presume that the admission is intended to modify and control anything else that may be found in the answer in apparent conflict therewith." (p. 672.)

R. S. 60-710 provides as follows:

"The defendant may set forth in his answer as many grounds of defense, counterclaim, setoff and for relief as he may have, whether they be such as have been heretofore denominated legal or equitable or both."

Under this provision it is possible that inconsistent defenses may be pleaded, but they are not all necessarily verified, and when it comes to the proof an election is usually required where they are absolutely inconsistent, as was required in this case, we think, properly.

R. S. 60-729 provides that in all actions founded on written instruments for the unconditional payment of money, the answer shall be verified. The answer in the case at bar was verified, and if we pass for the present the general denial contained therein, as the court and counsel apparently did, we still have two defenses as explained by counsel for defendants as being in the alternative, viz., forgery and the signatures being procured or induced by fraud. The proof of either one necessarily disproved the other. As said

in the last case above cited, "It is impossible that a thing may be true and untrue at the same time." If the signatures to this note and mortgage were forged, then it was impossible that they were genuine signatures procured by fraud.

We think Kansas has never approved the use of inconsistent defenses when they would come under the general definition of such, but ·it has, as in the DeLissa case, held, as applied to the facts in the particular case, that they were not in fact inconsistent.

In 49 C. J. 218 it is said:

"Requirement of verification does not prevent the filing of inconsistent defenses, so long as they may be verified without false swearing. . . . The test of inconsistency inhibited, whether merely an inconsistency or an inconsistency that is contradictory or repugnant, is whether the proof of one necessarily disproves the other."

31 C. J. 405 gives the following definition of inconsistency:

"Things are said to be inconsistent when they are contrary the one to the other, or, so that one infers the negation, destruction, or falsity of the other."

In the case of *Peters v. Queen City Ins. Co.*, 63 Ore. 382, 126 Pac. 1005, it was held that—

"The test of inconsistency in defenses is whether proof of one necessarily disproves the other." (Syl. ¶ 2.)

We conclude that defenses that the signatures were forgeries and that they were procured and induced by fraud are inconsistent defenses, because the proof of either one necessarily disproves the other.

We therefore approve the ruling of the trial court in requiring an election in the proof of these defenses, but we reverse the order granting a new trial and direct that judgment be entered for plaintiff on the special findings of the jury on the question of forgery, if these special findings meet the approval of the trial court. It is so ordered.