May Term,
1854.

TAYLOR *v.* DODD.

TAYLOR
v.
DODD.

An answer without oath contained a material admission against the defendant. After depositions had been taken, the defendant, who seemed not before to have known the extent of his admission, filed his affidavit and the affidavits of his solicitors, to the effect that as the answer was not under oath, it had been loosely prepared, and signed by the defendant without reading, and that the admission was a mistake of his solicitors and contrary to the fact; whereupon he asked leave of the Court to amend his answer so as to deny the thing so admitted, which the Court granted. *Held,* that the leave to amend was correctly given.

*Friday,*
*June 9.*  :

APPEAL from the *Tippecanoe* Court of Common Pleas.

STUART, J.—*Taylor* filed his bill in chancery against *Dodd,* alleging that owing to some embarrassments, he had sold *Dodd* ten acres of land, specifying the terms and price; but alleging the sale to be conditional only, *Taylor* having three months to redeem. It is not denied but that the price, 1,000 dollars, was paid by *Dodd.* But it is insisted, as a breach of the trust coupled with the conditional sale, that before the expiration of the three months, *Dodd* sold to one *Bramble* for 1,900 dollars; and that *Dodd* was thus incapable of reconveying, and refused to account to *Taylor* for the profit, deducting the purchase-money, interest and expenses.

*Dodd's* amended answer denies all the material allegations in the bill relating to the trust.

The cause came to final hearing on the bill, answer, depositions, &c. The decree of the Court was in favor of the defendant, dismissing the bill at complainant's costs.

It is assigned for error—

1st. That the Court permitted *Dodd* to make a material amendment, after the depositions were taken and the cause ready to be set down for hearing.

2d. That the decree should, on the evidence, have been for the complainant.

The amendment to the answer was a very material one. The complainant required answer without oath. Among other things, the answer admitted the allegation in the bill that *Taylor* had three months to redeem. *Dodd* filed an

affidavit for a continuance, to which *Taylor* filed written objections, giving great prominence to the above admission. It would seem that this was the first *Dodd* knew of the extent of the admission. He then filed his own affidavit, and the affidavits of his solicitors, to the effect that as the answer was not under oath, it had been loosely prepared, and signed by *Dodd* without reading; that the above admission was a mistake of his solicitors, and contrary to the fact. On these affidavits, he moved the Court for leave to amend the answer, so as to deny the trust and the allegation of time to redeem. The Court permitted the amendment. This is one of the errors complained of.

May Term, 1854.

We think the ruling of the Court correct. *Coquillard* v. *Suydam*, 8 Blackf. 24. Whether the result was reached by a direct amendment to the answer on file, or by an amended answer, or by a supplemental answer, seems to us immaterial. The substance and effect are the same.

The depositions fall far short of supporting the case made in the bill. Even taking the answer, not under oath, as a sort of general issue, where one witness and strong corroborating circumstances are not necessary, the depositions do not raise even a slight presumption in favor of *Taylor*. *Davis* v. *Stonestreet*, 4 Ind. R. 101.

*Per Curiam.*—The decree is affirmed with costs.

*J. Pettit, S. A. Huff, J. M. La Rue* and *B. O. Deming*, for the appellants.

*W. C. Wilson* and *D. Mace*, for the appellee.