WILLIAM F. GAYLORD *et al. v.* C. M. STEBBINS *et al.*

### *Error from Atchison County.*

Where the petition sets up a cause of action on a note and mortgage, and the answers denied the execution thereof and plead usury, but are not sworn to, *held* that the execution of the note and mortgage was not put in issue, and no evidence was necessary for the plaintiff to make his case. [Comp. L., 235, § 1.] *Held*, that in such case plaintiff is not bound to produce the note and mortgage on trial, nor the power of attorney under which they were executed.

Where in such case the defendants offered to introduce the pretended power of attorney, which on its face showed no authority, to show a want of authority to execute the note and mortgage, and on refusal of the court to allow it, the defendants moved to amend the answers by appending the proper affidavits, *held* that the court erred in refusing the amendments, such amendments being calculated to promote justice; *Held,*, that the power of attorney should have been received in evidence.

A power of attorney authorizing a *sale* and conveyance, does not authorize the attorney to *mortgage*.

No power exists in a guardian of minor children, to execute a binding power of attorney to convey their land.

The facts of the case are set forth in the subjoined opinion of the court.

*Otis & Glick*, for plaintiffs in error.

*C. G. Foster*, for defendants in error.

*For plaintiffs in error* it was submitted:

1. The answers unverified were not nullities; plaintiffs should have moved to strike them out at the first opportunity. They cannot lie by until trial, and then deprive defendants of their defense, by objecting to testimony. *Swan's Pl.*, 221; *Nash Pl.*, 97; 2 *Code R.*, 16; 4 *How. P.*, 153.

2. At most, want of verification of answer dispensed with proof of signatures simply; so that the mortgage could be read for what it was worth, and if it referred to a power of attorney, to admit that also for what it was worth.

3. The allegation of the petition that defendants executed their mortgage deed, is but an allegation of a conclusion of law. If the power of attorney by which the mortgage was executed, did not authorize the act, then in law defendants did not execute it. This inquiry involves a construction of the power. To hold that the answer must be sworn to, that the power of attorney might be receivable in evidence, is to hold that the party must swear to a denial of a conclusion of law and by a positive affidavit, and if wrong in his construction, he commits perjury. This is absurd. Therefore the code does not intend such a proceeding. *See Comp. L.*, 235, § 1; *Swan's Pl.*, 247–8, *and note* "*a.*"

4. The object of the verification was to dispense with proof of signatures, sealing and delivery, merely. A general denial unverified is good to show any original defect, making the instrument void. *Nash Pl.*, 66–7; *Swan's Tr.*, 247.

5. The mortgage should have been introduced for all purposes. *McMurty* v. *Campbell*, 1 *Ham.*, 259, 330;

*Fosdick* v. *Starbecker*, 4 ; *Blackf.*, 417; 2 *Starkey Ev.*, 270.

6. The power should have been admitted.    4 *Pick.*, 160 ; 2 *Gr. Ev.*, §158 ; 1 *Starkey Ev.*, [323]; 2 *Phil. Ev.*, [*Cow & Hill's notes,*] note "*p,*" *p.* 112 ; 13 *Johns.*, 307.

7. It was error for the court to refuse the amendment of the answer.    *Swan's Pl.*, 221.

8. The defendants asked affirmative relief in a decree freeing the mortgaged premises from the lien of the plaintiffs' mortgage.    The power of attorney was competent evidence under this issue.

9. There was no authority in the guardian to sell or mortgage the lands of his wards, and therefore could not authorize by power of attorney, such sale or mortgaging.    Besides, a power to sell does not authorize a mortgage.    *Bloomer* v. *Waldron*, 3 *Hill*, 361; 1 *Hill*, 111 ; *Taylor* v. *Galloway*, 1 *Hammond* (*O.*), 232, [107] ; 5 *Vesey, jr.*, 211 ; *Clark* v. *Reyburn*, 1 *Kans.*, 281 ; 4 *Kent Com.*, [331, 160] ; *Comp. L.*, 354, § 3, 12.

10. The judgment is irregular, because the guardian *ad litem* of minor defendants had filed no answer after his appointment.

*Foster*, for defendant submitted :

The execution of the mortgage was not put in issue, hence all evidence tending to prove that the mortgage was not duly executed, was properly ruled out.    The answer should have been verified.    *Comp. L.*, 235.

Every material allegation of the petition was therefore taken to be true.    *Civ. Code*, § 137.

The evidence must be confined to the issue made by the pleadings.    1 *Green'l Ev.*, 69, 70.

There was no issue made except as to the identity of

the land and the legal effect of the instrument. The mortgage might be used in evidence on these issues.

The laws of Ohio, previous to their code, differed from ours, and therefore the cases cited are inapplicable. *See* 16 *Ohio R.*, 262.

*By the Court*, SAFFORD, J.

This was an action brought by the defendants in error against the plaintiffs in error, on a note and mortgage. The petition alleged the execution of the note by William F. Gaylord, and that in order to secure the payment thereof, the said William F. Gaylord, together with all of the other defendants, duly executed and delivered to said Stebbins and Porter their certain deed of mortgage of certain real estate described therein, which said deed of mortgage had a condition thereunder written, to wit: "That if the said William F. Gaylord should pay the said promissory note according to the terms thereof, then said deed to be void; otherwise to be and remain in full force and effect." To this petition, defendant, William F. Gaylord, filed his separate answer, denying that the defendants ever conveyed or mortgaged the real estate in the plaintiffs' petition described; and he also plead usury.

The defendants, William B. Fenn, Jane R. Gaylord and Susan B. Gaylord, also filed an answer denying for themselves that they ever conveyed or mortgaged the said real estate, as described in plaintiffs' petition, or any part thereof, or that they authorized it to be done, but alleging that they were jointly interested in said real estate as owners and tenants in common. They also set up a plea of usury. The answers were not sworn to.

To these answers of the defendants, the plaintiffs interposed a general denial.

Upon the issues thus made up the parties submitted to a trial by the court, and without the intervention of a jury. The court held that inasmuch as the answers were not verified, the execution of both the note and mortgage was not put in issue by the pleadings, and that no evidence was necessary to be introduced by the plaintiffs to sustain the allegations of the petition in that respect. We think the court was right. It is true the defendants attempted, by their answers, to put in issue at least the execution of the mortgage, and if their answers had been verified, they would have done so. But failing in this, the execution of both note and mortgage was so far admitted as to render it unnecessary for the plaintiffs to offer evidence to prove such execution. Such is clearly the effect which § 1, ch. 30, p. 235, Comp. Laws of 1862, has and was intended to have upon pleas putting in issue the execution of written instruments.

In this case, therefore, the plaintiffs were not bound to produce the mortgage on trial for the purpose of showing that it had been executed as alleged. Nor was the rule here referred to at all changed or affected by the fact that the mortgage purported to have been executed by one of the parties for himself, and by the same party for the rest of the defendants, under a power of attorney. The plaintiffs were not bound, under the pleadings and under the law applicable to such cases, to produce, on the trial, such power of attorney. Under these rulings of the court, the plaintiffs offered no testimony as to the points above referred to, but proceeded to offer the mortgage in question as evidence, to prove that the land, mentioned and de-

scribed in the petition, was the same as that described in the mortgage, and then rested their case.

The record shows that the defendants then asked leave to introduce certain powers of attorney, and to prove that the same were the powers of attorney under which the defendant, William F. Gaylord, executed said mortgage as attorney in fact for the other named defendants, and that he held no other authority to do so, except as in said powers of attorney was given, for the purpose of showing that, in truth and in fact, the said mortgage was executed by said William F. Gaylord as attorney in fact of the other defendants, without authority so to do. But the court refused to allow such powers of attorney to be introduced as evidence, and refused to consider the same. Thereupon the defendants asked leave of the court to amend their answers in the case, by verifying the same by annexing the proper affidavits. This was refused by the court. And to both of the last-named rulings of the court the defendants duly excepted. We think that, under the circumstances of the case, as shown by the record, the court ought to have permitted the amendment. The powers of attorney under which the mortgage was executed, for and in behalf of the rest of the defendants, by William F. Gaylord, were exhibited to the court when the defendants offered to read them in evidence, for the purpose above stated, and as set out in the record. They show upon their face that the defendant, William F. Gaylord, had no right or authority under them to execute the mortgage, as he assumed to do, and as a consequence such mortgage was not binding upon the defendants, other than himself.

It is clear, therefore, to our minds, that the allowance

of the amendments asked to be made by the defendants, was calculated to promote justice between the parties, and that the powers of attorney should have been received in evidence and considered by the court.

From what has been said, it will be seen that we hold that a power of attorney which in terms authorizes a sale and conveyance only, does not authorize the attorney to mortgage the property. And this proposition is, it seems, too plain to require argument.

By reference to one of the powers of attorney in this case, it will be seen that it purports to be executed by a guardian of minor children. It is, perhaps, not material to this case, but as the question as to the power of the guardian so to do is raised in the argument, we may be allowed to dismiss it with the single remark that we think no such power exists under the law.

The judgment in this case is reversed, and the cause remanded, with instructions to grant the motion for a new trial.

All the justices concurring.