## KOONS *v.* PRICE.

AMENDMENT.—*Supreme Court.*—The Supreme Court has power to review the action of an inferior court in the exercise of its discretion to permit pleadings to be amended, and revise, reverse, or affirm the same.

SAME.—Where leave is asked, before the trial of a cause has commenced, to amend an answer, and to file additional paragraphs, and it is shown by affidavit that the answer filed does not truly set out the facts relied on in defence, leave should be granted to amend.

APPEAL from the Wayne Common Pleas.

PETTIT, C. J.—Price sued Koons on four promissory notes, and to foreclose a mortgage, given to secure their payment, on certain real estate situate in an addition to the city of Richmond, or South Richmond, as it is called. The notes and mortgage were made a part of and filed with the complaint. The answer was in two paragraphs:

First. The general denial.

"For second and further paragraph of answer, the defendant says that he admits the execution of the notes and mortgage described in and filed with plaintiff's complaint, but that the same were obtained from him through misrepresentation, deceit, and fraud, and without any consideration. The defendant further says that the plaintiff, on the 5th day of April, 1870, being then the owner and proprietor of a certain addition to the city of Richmond, Wayne county, Indiana, or certain suburban out-lots, known as South Rich-

mond, in the vicinity of said city, offered certain lots of said addition, hereinafter described, for sale at a public vendue on said premises, and that then and there said defendant bid off the lots numbered in the deed from said Price to defendant, which said deed is filed herewith and marked exhibit 'A,' and made a part hereof; that prior to said public sale, and prior to the time of defendant's purchase as aforesaid, said Price caused to be printed and circulated throughout said county and State, and more especially in the immediate neighborhood of South Richmond, certain large hand-bills, one of which is filed herewith, marked exhibit 'B,' and made a part hereof, containing, among other things, a description of said South Richmond, terms of sale of lots constituting said addition, and embracing also a map styled therein South Richmond.

"The defendant further says that before and at the time of said public sale or auction, and before and at the time of the purchase of said lots by the defendant as aforesaid, the said Price represented to this defendant, in order to induce him to purchase said lots, and to enhance the value thereof in his eyes, and to deceive and defraud him, that the fences then inclosing said lots, as marked and shown by the parallel lines on said hand-bills and map, between said lots one and two and said lots three and four, and said lot thirty-four, were intended to and did show the true and correct boundaries or lines of said lots on the sides aforesaid, and likewise on the inside parallel line on the left hand side of said map, marking the fence on the western side of said 'South Richmond,' was intended to and did form and show the real boundary of said lots on the side or sides aforesaid. The defendant says that, confiding in the honesty and integrity of the said Price, and relying on said Price's statements in and through said hand-bills, and orally and in person, he bid off the lots aforesaid, for the prices following: lots one and two, at one hundred and fifty dollars per acre; lots three, four, and part of thirty-four, at one hundred and fifty dollars per acre; that said lots one and two, across the pike, were then by the

said Price, his agents and auctioneer, reputed to contain —— acres; that said lots three, four, and part of thirty-four, between the turnpikes, were by said Price, his agent, etc., aforesaid, reputed to contain —— acres.

"The said Price afterward, instead of conveying to defendant the land purchased as aforesaid, included and inclosed within the lines established, represented, and adopted by said fences, falsely, fraudulently, and surreptitiously caused certain ground, to wit, ground owned by the Richmond and Boston Turnpike Company, the west and south sides of said lots one and two to the center of said pike, to be deeded to said defendant as a part of said lots and a part of said purchase; and with like deceit and fraud, the said Price caused to be added in said deed the land on the north and east side of lots number three and four and part of lot thirty-four, from said fences and reputed lines to the center of and taking in the ground held and used by said Richmond and Boston Turnpike Company; and that with like bad faith, fraud, and deceit, said Price caused the land outside of said fences inclosing said reputed lines of said lots three and four, on the west side thereof to the center of the 'Straight Line Turnpike,' to be included in said deed; thereby falsely and fraudulently conveying to defendant, by actual measurement, two acres and twelve rods of land owned, claimed, and held by said turnpike companies.

"And the defendant further says that the main inducement to defendant to purchase said lots, and to agree to pay the price agreed per acre, was that said lots, as set forth in said hand-bills and represented by said Price as aforesaid, fronted on a turnpike and county road, and that the purchaser would not thereafter be at any expense to open up highways and streets; and that defendant never purchased or agreed to purchase from said Price any land not included within the fences and lines aforesaid; and that the land fraudulently deeded by said Price to defendant is of no value whatever to defendant as an individual; and that through the false and fraudulent acts of the plaintiff as aforesaid, his said false

and fraudulent representations, made with a full knowledge of their falsity and for the express purpose of deluding and cheating the defendant, a great injury and injustice will be done the defendant, if the plaintiff be allowed to recover the amount of said notes; wherefore the defendant asks that an abatement of said notes be allowed to an amount equivalent to the amount of land included within said turnpikes, and fraudulently charged to defendant as aforesaid. Wherefore defendant asks judgment for four hundred dollars, and other proper relief."

. There was a reply of general denial to the second paragraph of the answer.

For some reason, which is not fully disclosed by the record, the defendant had discharged the attorneys who put in his answer, or they had gone out of the case by their own act after filing the answer, and the defendant had employed a new attorney; and on the calling of the cause for trial, and before any other steps had been taken, the new attorney for the defendant moved for leave to amend the answer, and to file an additional paragraph and counter claim, and offered the following affidavit, paragraph, and counter claim; but the court refused, and overruled the motion to allow the amendment to be made.

## "AFFIDAVIT.

"I, John Koons, being duly sworn, do on oath say, that I never saw or read the answer filed in the above-entitled case. by my former attorneys, Railsback and Young, and did not know the contents of the same prior to the filing thereof; that said answer admits the existence of the addition and lots therein referred to at the time of the sale therein described, while there was, in truth and in fact, no such addition and no such lots at the time aforesaid, as I verily believe; and that said admission precludes my defence, and I ask leave to correct and amend said answer, by striking out the words, 'being then the owner,' in the eleventh line of the second paragraph, and adding in lieu thereof the words, 'represented himself to be the owner;' and by adding

to said answer the paragraph and counter claim herewith presented."

Additional paragraph of answer proposed:

"The defendant, for further answer, alleges that plaintiff did not sign and acknowledge the plat of said addition to the city of Richmond, known as South Richmond, before the recorder of Wayne county, Indiana, or before any justice of the peace in said county, and have the same recorded in the recorder's office of said county, as required by statute, before making the sale of said lots as aforesaid; that said sale was made on the 5th day of April, A. D., 1870, and on the same day, and after said sale had been made, plaintiff signed and acknowledged said plat before one Bell, a notary public; and on the 15th day of April, A. D., 1870, and after the sale aforesaid, plaintiff filed said plat for record in the recorder's office of said county. Defendant charges, that at the time of making the sale aforesaid, there was, in fact and in law, no such addition to the said city of Richmond as Charles T. Price's Addition, or South Richmond, as described in plaintiff's deed aforesaid, and there were no such lots as are therein described; and that the conveyance or attempted conveyance by the deed aforesaid was null and void, and defendant took no interest thereby. All the notes sued on in this cause were given for said pretended lots in said pretended addition, and were obtained from defendant without any consideration whatever."

Counter claim proposed and offered with the affidavit.

"Henry Koons, by way of counter claim, complains of Charles T. Price, plaintiff in the above-entitled cause, and says that plaintiff, for the purpose of cheating and defrauding defendant and others, did make and publish the map aforesaid of and concerning the land therein described, and represented the same to be an addition to the said city of Richmond, and made the sale aforesaid by said map, and after said sale was made, signed and acknowledged a plat differing entirely from the map by which said sale was made, and concealed and withheld the same from the records until

after he (plaintiff) had obtained the money and notes aforesaid from defendant, well knowing that said tract of land was not an addition to the city of Richmond at the time of said sale, and that the plat that he executed and recorded did not correspond with the map by which said sale was made, and well knowing that the signing and acknowledging of said plat after sale, before a notary public, and recording the same subsequent to the making of said sale, would confer no title to the land bought at said sale; all of which was done in fraud of defendant's rights, and for the purpose of cheating and defrauding defendant of his money and notes aforesaid, to the damage of defendant in the sum of eight hundred dollars. Defendant says that he is ready and willing to reconvey all of said lots aforesaid on receipt of the purchase-money, notes, and value of the improvements that he has put thereon. By reason of the facts above stated, defendant prays judgment against plaintiff for the sum of eight hundred dollars and the costs of this suit, and asks such other and further relief as he may be justly entitled to."

Was the ruling refusing the amendment to the second paragraph of the answer, and the additional paragraph of the answer and counter claim offered and presented with the affidavit, right? We think not. Part of sec. 97, 2 G. & H. 117, reads as follows: "Any pleading may be amended by either party of course at any time before the pleading is answered. All other amendments shall be by leave of the court."

Does this clause confer on the court below an unlimited power and discretion, or is the giving or refusing leave to amend a legal discretion? over which this court has control? We hold the latter, and that we have the power to revise, reverse, or affirm when this discretion is improperly and illegally, or unreasonably exercised. See *Ostrander* v. *Clark*, 8 Ind. 211; *The Wayne County Turnpike Co.* v. *Berry*, 5 Ind. 286; *Taylor* v. *Dodd*, 5 Ind. 246.

The last case referred to is directly in point. In that case the answer without oath contained a material admission

against the defendant, of which he was ignorant, it being drawn by his solicitor without his knowledge; upon the defendant's and his solicitor's affidavits, even after deposition had been taken, leave was given to amend, and this court held that the leave was correctly given. That case was much stronger against the leave to amend than this. We hold that the court below erred in refusing the leave asked to amend, and that for this error the judgment must be reversed.

In the subsequent proceedings in the case, there were other errors committed, and assignments on them; but we do not deem it necessary to notice them, as the case must be reversed for the refusal of the court to allow the amendment asked for on the affidavit.

The judgment is reversed, at the costs of the appellee, with instructions to the court below to allow the offered amendments to be made, and for further proceedings.

*J. B. Morris*, for appellant.

*J. P. Siddall*, for appellee.