JAMES H. WILSON *v*. FRANK WILSON, EX.

CHANCERY PLEADNIGS AND PRACTICE. *Statute of Limitation. Amended
Answers.* An amended answer, relying upon the statute of limitations,
ought not to be allowed three years after the filing of the original an-
swer, although the latter be not under oath, merely upon the affidavit
of the defendant's solicitor that the original answer was filed in the
absence of his client, and that the omission of the defense of the stat-
ute was inadvertent.

FROM WILLIAMSON.

Appeal from the Chancery Court at Franklin.    W.
S. FLEMING, Ch.

T. W. TURLEY for complainant.

H. H. COOK and D. CAMPBELL for defendant.

COOPER, J., delivered the opinion of the court.

To the bill filed on the 8th of June, 1870, the
defendant put in an answer on the 15th of June, 1871,
after a *pro confesso* taken.    At the April term, 1874,
an application was made for leave to file an amended
answer relying upon the statute of limitations as a de-
fense to the complainant's demand.    So far as the

2—VOL. 2.

Wilson v. Wilson.

record shows, the application was unsupported in any way, and was continued "to be taken up on the calling of the cause for trial on the merits. Leave was, however, given to the parties, at the risk of the defendant, to take proof on the matters of the amended answer. At the next term the order was modified so as to permit the answer to be filed without prejudice to complainant's rights, and subject to be taken off the file as to the defense of the statute, if the court should be of opinion the defense should not be made. There is nothing in the record to show that the application was supported in any way at this term, but there is an affidavit of the defendant's counsel copied into the record, stating that the original answer was filed in the absence of his client, and the omission of the defense of the statute was inadvertent.

· The court is always reluctant to permit a material amendment of an answer after evidence has been taken, and especially where the object of the amendment is to rely upon an unpopular defense, such as the statute of limitations, after having experimented with the court upon the merits. *Cocke* v. *Evans,* 9 Yer., 287; *Smith* v. *Babcock,* 3 Swan., 583. And it will refuse the application unless the defendant present such a case as makes it appear due to justice to permit the alteration. *Third Av. Sav. Bank* v. *Dimock,* 9 C. E. Green, 26; *Wells* v. *Woods,* 10 Ves., 401. The answer being a solemn averment of record, the same rule applies whether it is put in under oath or not. *Curling* v. *Marquis of Townsend,* 19 Ves., 628; *Taylor* v. *Dodd,* 5 Ind., 246; Sto. Eq. Pl., sec. 874, 875a.

Wilson *v.* Wilson.

The affidavit of the solicitor is not sufficient, except under special circumstances, in analogy to the amendment of a bill. *Verplanck* v. *Mercantile Insurance Co.*, 1 Edw., Ch. 47, 56; *Cook* v. *Bee*, 2 Tenn. Ch., 343. The Chancellor erred in allowing the amended answer to be filed.

We are inclined to think, however, with his Honor the Chancellor, that the amended answer would not have changed the result. The defense of the statute of limitations applies only to the three notes given for the rent of 1856, 1857, 1858. The defendant is shown to have recognized the validity of these claims repeatedly after the filing of the bill, and to have expressed himself so decidedly as to induce two third persons to buy them from the complainant. The defense would not avail against the rents of the subsequent years. The reliance as against them is upon the fact that they were paid. There is evidence showing that during the years when the defendant's testator rented the land and slaves of the complainant, his son, at an annual rent of $1000, and the payment of the son's personal expenses, the latter did draw large sums of money from the banks where the father kept his deposits, which, it seems, all the sons were permitted to do. But the complainant, during these years, or the most of them, was the companion and traveling escort of his mother, then in feeble health and seeking its restoration, and drew money for their common expenses. It does not appear that what he drew was ever considered by the parent or the son as in payment or creation of a debt. The complain-

ant concedes that his personal expenses were thus paid. The father, in his last will, while disinheriting the son, the complainant, puts it upon the ground that the latter had received more than his share of the estate, besides thousands of dollars in cash, "expended by and for him." These words do not imply that such expenditures were looked upon as either paying a debt or creating a debt, but as a voluntary expenditure on the part of the father. The only testimony implying more is the evidence of the defendant, that the father once said to him that he considered his debt to the complainant more than paid. Of itself, this would be wholly insufficient to establish the payment; nor is there anything in the circumstances to satisfy the mind that the complainant to whom the conversation was communicated acquiesced in its correctness.

The Chancellor rendered a decree in favor of the complainant for the full amount of his demand, and we are not satisfied that he was in error in so holding. The decree will be affirmed with costs.