HENRY H. GAGE *et al.*

*v.*

BENJAMIN A. STOKES *et al.*

*Filed at Ottawa May 9, 1888.*

1. FORMER ADJUDICATION—*in the Supreme Court—as to what matters have been determined.* A, the holder of an undivided two-thirds interest in land derived by sheriff's deed in a proceeding by attachment against the original owner, filed his bill for partition against B, the owner of the other third, making C and D, the holders of an adverse title derived by deed from the attachment debtor, and also the holder of certain tax deeds, parties defendant, seeking to have such adverse titles and deeds set aside as a cloud on the title of A and B. The trial court found that the title of A and B was invalid, and dismissed the bill. This court reversed the decree, finding that the title of A and B, under the sheriff's deed, was superior to the title of C

and D derived under the deed from the attachment debtor, but expressing no opinion as to the validity of the tax deeds, and remanded the cause for further proceedings in conformity with its opinion: *Held,* that the judgment of this court was conclusive as to the invalidity of the title of C and D derived from the attachment debtor, but not as to the tax titles held by them.

2. SAME—*and herein, of proceedings allowable after remandment.* Before the hearing, after the remandment, C and D asked leave to amend their answer in respect to the title held invalid, by showing that C held that title only in trust for D, which the court refused to allow: *Held,* that the refusal was proper, as that title had been passed upon by this court adversely to C and D, and it was practically immaterial which of them was the beneficial owner of it.

3. The trial court then entered a decree for partition between A and B, finding them to be the owners of the land as tenants in common, and thus impliedly disposed of the tax titles without any proof of their invalidity, or requiring A and B to pay C and D, or the holders of the tax deeds, the amounts advanced by them for taxes and interest: *Held,* that the decree was erroneous, in not being limited so as to protect the defendants' interest in the tax titles, which had not been passed upon by this court.

4. REMOVING CLOUD UPON TITLE—*setting aside tax deeds—burden of proof.* A bill to set aside certain tax deeds as clouds on title, set up certain defects in the proceedings leading up to and ending in the tax deeds, and charged that such deeds were void. The answer denied the existence of the defects, and claimed that the tax deeds were valid: *Held,* that under the pleadings the burden of proof did not rest upon the defendants to show the validity of the tax deeds, but was upon the complainant to show they were void, and operated as clouds.

5. SAME—*extent and character of relief to be granted.* It is only the owner of land who can ask to have a cloud removed from his title. The complainant in a bill for partition has the right to abandon that part of it which seeks to have a conflicting title set aside, and this may be done by a dismissal of the bill as to the holder of such title, when the latter does not claim another title which is adjudged invalid. If the complainant abandons his right to have certain titles removed, and insists on his right as to another title claimed by the defendant, and succeeds as to the latter, the decree setting aside one of the titles should not find the complainant the owner of the land generally, but should find him the owner as against the title set aside.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

Mr. Augustus N. Gage, for the appellants:

The judgment of the Supreme Court was not upon the validity of the tax titles, but settled the question of the superiority of the sheriff's deed over the deed of the attachment debtor.

The complainant offered to do equity by repaying the taxes, as a condition to setting aside the tax deed, and it is not to be supposed this court intended to give him more than he asked. *Gage* v. *Nichols*, 112 Ill. 271; *Gage* v. *Busse*, 102 id. 592.

No decree can be sustained unless the evidence is sufficient to support it, and the evidence must be preserved in the record either by findings in the decree or by a certificate of evidence. *Moss* v. *McCall*, 75 Ill. 190; *Waugh* v. *Robbins*, 33 id. 181; *Wilhite* v. *Pearce*, 47 id. 413; *Ward* v. *Owens*, 12 id. 283; *Marvin* v. *Collins*, 98 id. 510.

Messrs. Wilson & Moore, for the appellees:

The Supreme Court having decided the case upon its merits, the case was not open for a re-trial in the circuit court. It had no power to allow amendments or hear new evidence. *Wadhams* v. *Gay*, 83 Ill. 253.

This court found that a decree of partition should have been entered, and when the cause was remanded for proceedings in conformity with the opinion, the circuit court could only enter the decree which it should have entered on the original hearing. *Gage* v. *Bailey*, 119 Ill. 539; *Buck* v. *Buck*, id. 613; *Hook* v. *Richeson*, 115 id. 431; *Parker* v. *Shannon*, 121 id. 452.

Mr. Justice Magruder delivered the opinion of the Court:

This case is now before us for the second time. It is reported as *Stokes* v. *Riley et al.* 121 Ill. 166. The object of the bill, as originally filed by Stokes and as subsequently amended, was to get a partition of the lots in controversy between Stokes, as owner of an undivided two-thirds thereof, and Riley, as owning the other undivided one-third, and also to remove certain tax deeds, alleged to have been held by the Gages, as clouds

upon the title and as being void for reasons stated in the bill. Stokes and Riley claimed to own the lots under a sheriff's deed issued upon judgments and execution levies in certain attachment proceedings against one Ward. Asahel Gage claimed to own the lots under a series of conveyances from Ward through others to himself. While Asahel Gage claimed in his answer to own the Ward title, the proof showed, that the money for the purchase was advanced by Henry H. Gage, and that Asahel merely held the legal title in trust for Henry. Henry, in his answer, denied that there were defects in the tax proceedings, as alleged in the bill, and set up that he was the owner of the lots by virtue of the tax deeds issued to him.

Upon the original hearing before the Circuit Judge, the parties seemed to abandon that part of the case, which had reference to the validity of the tax titles and to the removal of the tax deeds as clouds. The contention was as to the ownership of the Ward title, and as to whether Stokes and Riley had the better title under the sheriff's deed, or as to whether Asahel Gage had the better title by reason of the conveyances from Ward. The Circuit Court thought that the Gage title, derived directly from Ward, was the better title and dismissed the bill filed by Stokes. This Court was of the opinion, that the sheriff's deed was valid, and reversed the decree of the Circuit Court dismissing the bill, and remanded the cause for further proceedings in conformity with the opinion in *Stokes* v. *Riley et al. supra.*

When the cause was re-docketed in the Circuit Court, the Gages made a motion to amend their answers, so as to set up, in substance, that Asahel Gage held the title for Henry H. Gage instead of being the owner of it himself. The Circuit Judge refused to allow the amendments to be made, and we think that he was right in doing so. We had decided that the title obtained through the conveyances from Ward was not valid as against the sheriff's deed. That question was settled, and the proceedings in the court below were to be in conformity

with the opinion filed. It could make no practical difference whether Asahel Gage held the title for himself or as trustee for Henry. It was an invalid title, because its source was a deed made by Ward after all the interest of the latter had passed out of him by reason of the judgment, levy and sale in the attachment suits.

After overruling the motion to amend the answers, the Court then entered an ordinary partition decree, finding Stokes and Riley to be the owners of the lots, as tenants in common, in the proportions already stated, and appointing commissioners to make the partition. Appellants object to this decree, because, by finding appellees to be owners, it impliedly disposes of the tax titles without requiring the complainant to pay to the holders of the tax deeds the amounts, advanced by them for taxes, and interest thereon.

The 39th section of the Partition Act provides, that "in all suits for the partition of real estate * * * the Court may investigate and determine all questions of conflicting or controverted titles, and remove clouds upon the titles to any of the premises sought to be partitioned." In this case there was a question of controverted or conflicting titles.

The controversy was between Stokes and Riley, as holders under the sheriff's deed in the attachment proceedings against Ward, on the one side, and the Gages, as holders under the deed made by Ward, on the other side. The bill or petition prayed that the deeds from Ward and his grantees, under which the Gages claimed title, be set aside as clouds upon the title of Stokes and Riley. The opinion in *Stokes* v. *Riley et al.* settled this controversy and nothing else.

That opinion did not determine nor undertake to determine the other question as to the validity of the tax deeds. It merely stated that Henry H. Gage had claimed in his answer to be the owner of the lots under "divers good and valid tax titles thereto," etc., and that he had not established such claim by any evidence to be found in the record.

The complainant below set up in his bill certain defects, which he alleged to exist in the various proceedings leading up to and ending in the tax deeds, and charged that such deeds were void on account of such defects, and prayed that they be set aside as clouds. . What Henry H. Gage avers in his answer in relation to the validity of his tax deeds is in reply to the attack made upon those deeds in the bill. His denial that there were defects in the tax proceedings and his claim that his tax titles were valid were in response to the charge of holding a cloud over complainant's title. Therefore, under the pleadings, the burden did not rest upon him of proving his tax deeds good, but the burden was on the complainant to show that they were void and operated as clouds. Upon this subject the complainant introduced no proof whatever upon the trial below.

The Court below, in the decree, which was reversed in *Stokes* v. *Riley et al.,* made no finding as to the validity or invalidity of the tax titles. On the contrary the decree contained these words: "It is further ordered, adjudged and decreed, that the tax deeds claimed by said Henry H. Gage to the said land and real estate aforesaid be not in any way affected by the decree herein."

Inasmuch, therefore, as the validity of the tax deeds was not passed upon or determined either by the Circuit Court or by this Court, the direction, that the cause be remanded "for further proceedings in conformity with" the opinion in *Stokes* v. *Riley et al.,* could not have contemplated the entry of a decree virtually finding the tax deeds to be invalid without hearing any evidence or argument as to the defects claimed to exist. The complainant below in his bill offered, as the law required him to do, to pay whatever amounts the defendants had advanced for taxes, and interest thereon, in case the tax deeds should be set aside. To give him the benefit of a decree, which might have the effect of accomplishing this object without requiring him to make such payment, would be palpably unjust.

It must be remembered that the Circuit Court dismissed the bill on the ground that complainant had no title. If this view had been sustained, it would have been unnecessary for the complainant to prove his objections to the tax deeds. It is only the owner who can ask to have a cloud removed. But when the decree dismissing the bill was reversed and the complainant was held to be the holder of the better of the two titles which were controverted, then the case was back in court for the purpose of determining whether or not the tax deeds were clouds upon the successful title.

The decree of the Circuit Court should have limited its findings upon the title to the questions determined by our former opinion. It should have found the attachment proceedings against Ward and the sheriff's deed thereunder to have been valid, and should have set aside the deeds from Ward and his grantees to Asahel Gage. As to the tax deeds, if the complainant declines to introduce any proof as to their invalidity, the decree ought in some way to protect the rights of appellants thereunder, so that they can have their remedy by ejectment.

The complainant below undoubtedly has a right to abandon that part of his bill, which asks for the removal of the tax deeds as clouds. The bill might be dismissed as to the Gages, if they merely claimed under the tax deeds, but, as they also claim under the deeds from Ward which are set aside, it is necessary to hold them as parties. Consequently a decree, which finds Stokes and Riley to be the owners of the property generally, without limiting their ownership to the Ward title, might be construed to embrace the tax titles, and, that too, without any hearing as to their validity.

The decree of the Circuit Court is reversed and the cause is remanded for further proceedings in conformity with the views here expressed.

*Decree reversed.*