[No. 2453.  Decided March 30, 1897.]

B. F. VAN LEHN et al., Respondents, v. SAMUEL G. MORSE, Sheriff of Clallam County, Appellant.

AMENDMENT OF PLEADINGS — ABUSE OF DISCRETION.

The refusal of the court to allow defendant to file an amended answer setting up a substantial defense to the action is an abuse of the court's discretion, when it appears that, after the pleadings had reached an issue, the plaintiff was allowed to file an amended or supplemental complaint to which the defendant had interposed a general denial by oversight, instead of pleading an affirmative defense, which had already been interposed to the original complaint; and that the allowance of the amendment could not be objected to by plaintiffs on the ground of surprise.

Appeal from Superior Court, Clallam County.—Hon. JAMES G. McCLINTON, Judge.    Reversed.

Allen & Powell, for appellant.

Brady & Gay, and George C. Hatch, for respondents.

The opinion of the court was delivered by

DUNBAR, J.—The plaintiffs in this action sought to recover of the defendant the value of certain personal property which was levied on and sold under execution by the defendant as sheriff, executions being issued upon certain judgments against C. E. Bell & Co. Plaintiffs claimed to be the owners of the property sold. They also alleged that at the time of the seizing of said property they were in possession thereof. On December 22, 1893, the defendant answered, denying the ownership and possession of the plaintiffs and the alleged value of the property, affirmatively alleging that the defendant was sheriff, and alleging fraud on the part of Bell & Co. in transferring the property to the plaintiffs. On March 9 the plaintiffs, replying, denied the allegations of fraud. On April 2, 1894, defendant, by leave of the court, filed an amended answer which, in addition to the allegations of the first answer, pleaded, as a second affirmative defense, the pendency of a prior suit in the same court between the same parties in which the issues were the same as in this suit; the fact that said prior suit had been tried and a verdict rendered in favor of defendant, adjudging said sale fraudulent, and asking that this action be stayed until the final determination and adjudication of said suit. To this the plaintiffs replied, denying the allegations as to fraud, and alleging affirmatively that the property mentioned in the complaint in this action had, prior to the institution of this action, been attached by the sheriff, the defendant here, on attachments issued against said C. E. Bell & Co., and that they, the plaintiffs, had replevined said property and that the executions mentioned in the complaint herein were levied by the sheriff upon said

43—16 WASH.

property after said replevin had been made. The plea in abatement made by the defendant was denied on the second day of April, 1894.

On September 3, 1895, the plaintiffs, by permission of the court, filed an amended and supplemental complaint, alleging that on November 9, 1893, the date of the seizure of the property in question, the plaintiffs were lawfully possessed of certain personal property, describing it the same as in the original complaint; that on said day and while said plaintiffs were the owners and in lawful possession of said property, defendant as sheriff, by virtue of certain executions in certain cases against C. E. Bell & Co., levied upon said property and converted the same to his own use; that all of said property had been previously levied upon by said sheriff under certain other attachment suits in said court against the said C. E. Bell & Co.; that from said previous levies the plaintiffs had replevined said goods, but that, after the said replevin and while the said replevin suit was still pending and undetermined, the said sheriff again levied upon said property under other executions against C. E. Bell & Co. The defendant moved to strike this so-called supplemental complaint, which motion was by the court denied; after which the defendant put in issue a general denial. Thereafter the defendant asked leave of the court to file an amended answer, setting forth, in addition to the general denials, the allegations of fraud as contained in his answers to former complaints, which motion was denied by the court; and the denial of said motion is alleged as error here by the appellant.

This court is loath to interfere with the orders of a trial court in the disposition or formation of the pleadings, for reasons which have often been stated,

and will never interfere with the discretion of a court in such matters unless it plainly appears that substantial injustice has been done by the abuse of discretion. But it seems to us that in this case substantial injustice was done to the appellant, the defendant below. The plaintiffs could not in any manner have been taken by surprise by the pleading offered by the defendant, for the same allegations had been twice made by the former answers, and it appeared that the omission in the amended answer offered was a pure oversight or mistake on the part of consel.

We have mentioned somewhat at length the different pleadings in this case and the orders of the court, to show that the court had been liberal in allowing amendments, and especially liberal in allowing what was termed the supplemental complaint of the plaintiffs, and it was by reason of this permission that the omission occurred in the answer of the defendant, because before that the question of fraud was placed in issue.

This was substantially all the defense that the defendant had to the action, and the case will eventually be determined largely upon that proposition, and to deprive him of the right to put in issue a substantial defense where no good reason appears for such deprivation, it seems to us was a plain abuse of discretion on the part of the trial court.

It is alleged in the brief of the respondents that this question was tried in another tribunal and that it would be a useless thing to send this case back for trial; but this court has no knowledge outside of the record presented, and if it did have knowledge of a subsequent action and determination of the matter, if prejudicial error was committed at the time of the trial of this action, the appellant should have the benefit of it.

We have examined the other errors alleged, but think that no substantial error was committed by the court in any other respect. For the one reviewed, however, the judgment will be reversed and the cause remanded with instructions to allow the defendant to file his amended answer as prayed for.

Scott, C. J., and Reavis, Anders and Gordon, JJ., concur.