CONSOLIDATED STEEL & WIRE CO. v. BURNHAM, HANNA, MUNGER & CO.

(Filed Aug. 24, 1899.)

1. TRIAL—*Evidence—Admissions.* Solemn or judicial admissions, made for the express purpose of dispensing with the proof of some fact at the trial, in the form of express stipulations, on being filed and becoming part of the record are generally conclusive of all the facts involved, and may be given in evidence on any subsequent trial in the same cause.

2. APPEAL—*Review of Agreed Statements.* Where a case is tried on an agreed statement of facts, the appellate court is as competent to consider such facts and apply the law as the trial court. There being nothing to weigh as to the credibility of witnesses, the appellate court will determine the law on the facts agreed to, and may render such judgment as the trial court should have rendered.

3. JUDGMENT ON APPEAL—*Res Adjudicata.* Where judgment is rendered in a cause tried upon agreed facts, and the supreme court reverses such judgment and remands the case generally, the findings and conclusions of the supreme court are *res adjudicata* as to the facts embraced in the agreed statements, and the trial court should render such judgment as the supreme court should have rendered or directed on the findings and conclusions announced by said court.

4. CAUSE REMANDED — *Pleadings—Amendments.* When a judgment is reversed and cause remanded, it stands the same as if no trial had been had, and pleadings may be amended, supplemental plead-

ings filed, and new issues formed, under proper restrictions, except that an issue determined upon an agreed statements of facts cannot generally be reopened.

5. PLEADINGS—*Amendments—Discretion.* Amendments to pleadings are largely within the discretion of the trial court, and, to authorize a reversal of a judgment because an amendment was not allowed to be filed, there must be such a showing as produces a reasonable conviction that there was an abuse of judicial discretion

6. SAME—*Prejudicial Error.* It was prejudicial error to refuse to allow the defendants, after the reversal of the ıormer judgment, to amend their answer setting up fraud and collusion between Burnham, Hanna, Munger & Co., attachment plaintiffs, and Dickson, attachment defendant, whereby a judgment was obtained and an attachment sustained for a debt that did not exist, and which judgment and attachment would, if allowed to stand, defeat their executions; it being averred that the facts constituting the alleged fraud and collusion did not come to the knowledge of defendants until after the cause was reversed and remanded.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before B. T. Hainer, District Judge.*

*A. J. Myatt* and *W. S. Cline,* for plaintiffs in error.

*George S. Green,* for defendants in error.

*Asp, Shartel & Cottingham,* for interpleaders.

Action by Burnham, Hanna, Munger & Co. against Thomas J. Dickson. Judgment for plaintiffs, and the Consolidated Steel & Wire company and the Wichita Plumbing & Pump company, judgment creditors, were cited to appear. Judgment for plaintiffs, and the judgment creditors bring error. Reversed.

Opinion of the court by

BURFORD, C. J.: This case is before us for the second time. It is reported as *Burnham v. Dickson,* 5 Okla. 112, 47 Pac. 1059. The object of the action as originally

presented was to determine the priority of certain execution and attachment liens. Dickson was a merchant in Kay county, and the Consolidated Steel & Wire company and the Wichita Plumbing & Pump company each obtained judgment against Dickson in the probate court of Kay county on account for goods and merchandise sold to Dickson. Executions were issued on each of these judgments, and delivered to the sheriff of Kay county, and by one of his deputies levied on the stock of goods of Dickson. About the same time Burnham, Hanna, Munger & Co. brought suit in the district court of Kay county against Dickson on an account for merchandise, and caused an attachment to issue, which was also levied on the goods of Dickson. Afterwards Burnham, Hanna, Munger & Co. obtained judgment on their account, and the attachment was sustained. They then asked for an order against the execution creditors, citing them to appear in the case in the district court and show cause why the goods seized under the execution should not be released in favor of the attachment lien. In answer to the citation the Wichita Plumbing & Pump company and the Consolidated Steel & Wire company, the execution plaintiffs, appeared in the district court, and each filed an answer and interplea in the action of *Burnham v. Dickson,* and each set up their judgment in the probate court, and the issue and levy of the execution and averred that the levies of the executions were prior to the levies of the writ of attachment. The only issue presented and tried in the district court was as to the priorities of these liens. The issues were tried to the court on an agreed statement of facts, which stipulation was filed and made part of the record in the cause. The court found in favor of the execution liens, and that

they were prior and superior to the lien of the attachment, and ordered the executions first satisfied from proceeds of sale of the goods. From this judgment Burnham, Hanna, Munger & Co. appealed to this court, and on the former hearing the judgment of the district court was reversed, and cause remanded generally. The agreed statement of facts on which the case was tried below was before this court, and, on consideration of the facts there agreed to, this court held that the lien of the attachment in favor of Burnham, Hanna, Munger & Co. attached to the goods in dispute by actual levy and seizure a few minutes before the liens of the executions actually attached. After the cause was remanded to the trial court, counsel for Burnham, Hanna, Munger & Co. appeared in the district court at the November term, 1897, and moved for judgment in their favor in conformity to the judgment of the supreme court. The counsel for the execution creditors objected to proceding at that time, for the reason that the mandate of the supreme court had not been filed in the district court. The trial court sustained the objection, and continued the cause until the February, 1898, term of court. In the *interim*, and prior to the first day of the February term of the district court, Burnham, Hanna, Munger & Co., without leave or order of court, or notice to adverse parties, left with the clerk, and placed among the papers in the case, a supplemental petition, in which it was alleged that pending the proceedings on appeal in the supreme court the sheriff, who held the proceeds of the sale of the goods in dispute, had paid the money to the attorneys for the Wichita Plumbing & Pump company and the

Consolidated Steel & Wire company, and asked for judgment against said parties for the amounts so paid.

It does not clearly appear at what time this supplemental petition first made its appearance in the case. It is made clear that counsel for the interpleaders had no knowledge of it or its contents until on the day of trial. No file mark was placed on it by the clerk until long afterwards, and no note of it was made in the appearance docket. On the first day of the February, 1898, term of the district court, counsel for Burnham, Hanna, Munger & Co. again moved for judgment against the interpleaders, both on their original and supplemental petitions. At that time the cause had not been assigned for trial, and no day had been fixed for its hearing. Counsel for the interpleaders objected to the trial of the cause at that time for the reason that the case had not been assigned for trial and that the supplemental petition had not been filed by leave of court, and that they had not been served with any notice of its filing or contents. The court overruled the objections, and proceeded to determine the cause.

They then asked for leave to file an amendment to their answer, and stated the facts which they desired to allege and prove to be substantially as follows: That Dickson was engaged in the hardware business, and owned a stock of hardware; that Burnham, Hanna, Munger & Co. consigned to Dickson a second-hand stock of dry goods, which he was to sell, and account to them for the proceeds, and return any unsold goods. That the goods were not to be charged to Dickson, but he was to sell them as consignee only. That at the time the judgment was rendered against Dickson in favor of Burn-

ham, Hanna, Munger & Co., and the attachment sustained, Dickson was not indebted to said firm in any sum. That Dickson became insolvent, and that in order to enable Burnham, Hanna, Munger & Co. to subject all of Dickson's property to sale, and realize therefor a sufficient sum to pay them for said consigned goods, they entered into a fraudulent arrangement with Dickson whereby it was agreed between them that the consigned goods were to be charged to Dickson on general account; that Burnham, Hanna, Munger & Co. would sue him, and take judgment on the account, and attach the goods, and sell the same at sheriff's sale; that Burnham, Hanna. Munger & Co. would purchase the goods, and place Dickson in charge of the store as agent; and that after a sufficient amount of goods were sold to pay Burnham, Hanna, Munger & Co., they would transfer the remainder to Dickson's wife as a present.    That this agreement was entered into and carried out with the intent and purpose to defraud the creditors of Dickson and these defendants.    That Dickson confessed the judgment and attachment for a debt he did not in fact owe, and that said judgment and attachment were fraudulent and void as to these defendants.    They further alleged that they did not learn of the above facts until December 22, 1898, and that they had diligently, at all times, made inquiry to learn the facts concerning said alleged fraudulent transaction, but that the parties had concealed said facts from them until long after the first trial.    These allegations were verified, and the defendants each asked for leave to file such amendment.

These facts, if true, made the judgment and attachment lien of Burnham, Hanna, Munger & Co. fraudulent

and void as to the liens of the execution of the other creditors. The trial court refused to allow any amendment to the answer of the defendants, and, over their objections and exceptions, heard the case, and rendered judgment for Burnham, Hanna, Munger & Co., and against these defendants, for the sum realized from the sale of the stock of merchandise.

It is contended that the court erred in refusing to permit the answers to be amended. The theory of Burnham, Hanna, Munger & Co. is that the cause was originally tried on an agreed statement of facts, which agreed facts are conclusive between the parties on a subsequent hearing, and that all the trial court could do after the cause was reversed was to render judgment for Burnham, Hanna, Munger & Co.

As a general proposition, this theory is correct. The only issue presented to the trial court on the first trial was as to the priority of the liens. The facts were agreed to by the parties, and filed in the cause. The agreement was not qualified or limited, but was absolute and unconditional. It belongs to that class of evidence termed "solemn admissions." Solemn or judicial admissions, made for the express purpose of dispensing with the proof of some fact at the trial, in the form of express stipulations, on being filed and becoming a part of the record, are generally conclusive of all the facts involved, and may be given in evidence on any subsequent trial. (1 Rice, Ev. p. 462; 1 Greenl. Ev. secs. 27, 186; Underh. Ev. sec 82; *Merchants' Bank v. Marine Bank*, 3 Gill, 96; *Holley v. Young*, 68 Me. 215.)

It would seem that this class of admissions are the only ones that are ever held to be conclusive, and there

are exceptions to this rule; but where, as in this case, the admitted or agreed facts consist largely of record matters, there are stronger reasons for holding the parties bound by the agreed facts upon a second or new trial. Under our Code provisions, the supreme court is authorized to render the right judgment when it reverses a judgment of the trial court based upon an agreed statement of facts. Some of the courts hold that a new trial cannot be granted in such a case, but that the appellate court must enter the correct judgment. (*Martin v. Martin*, 74 Ind. 207; *Harrington v. Hilliard*, 27 Mich. 271.)

In the case of *Railroad Co. v. Butts*, 7 Kan. 308, the Kansas supreme court announced the doctrine that, where a case has been submitted on an agreed statement of facts, the same rule did not prevail in passing upon the facts in the appellate court as where the lower court heard oral testimony. In the latter class of cases the appellate court will treat the finding of the trial court as the verdict of a jury, but where the case is tried on agreed facts the supreme court is as competent to consider such facts and apply the law as the trial court. There is nothing to weigh, and the court should decide the law on the facts agreed to. (*Brown v. Evans*, 15 Kan. 88.)

This court, in its former decision in this case, should have rendered judgment, or directed the trial court to render judgment, for Burnham, Hanna, Munger & Co., and directed the sheriff to satisfy the lien of the attachment first. The finding and conclusions of this court on the agreed statement was *res adjudicata* as to the question of the priority of liens. This issue could not be retried in the district court. (*Gage v. Stokes*, 125 Ill. 40, 16 N. E. 925.)

The cause having been remanded generally, without any directions, it was the duty of the district court to render such judgment as this court should have rendered or directed on the issue determined in the opinion of this court. But aside from this one limitation, the cause stood, when remanded, the same as if no trial had been had. Pleadings could be amended, supplementary pleadings filed, and new issues formed, under proper restrictions, so long as there was no attempt to reopen the issue of the priority of the liens.

The plaintiffs below, Burnham, Hanna, Munger & Co., did file a supplemental petition, and presented a new issue, which the trial court permitted to stand, and treated as properly filed, although filed without leave of court or without notice to adverse parties. No opportunity was given or allowed the defendants below to plead to the supplemental petition. They were forced to meet the allegations of this supplemental petition without preparation, or time to procure evidence, and without notice of the time of such hearing. Such proceeding was certainly not warranted by any rule of procedure or practice. Even if this action should be treated as a summary proceeding to compel them to account for funds in the custody of the law and improperly diverted, they were entitled to be informed of the charge, and to be heard in their defense.

While these proceedings were irregular, the interpleaders are not in a position to make serious complaint as to the matters contained in the supplemental petition, inasmuch as they made no motion to strike it from the files or reject it from the court's consideration, although attention was called to the fact that it bore no file mark of the clerk.

But, without deciding whether these irregularities were sufficiently prejudicial to warrant a reversal of the case, we are of the opinion that the judgment should be reversed for the refusal of the court to allow the interpleaders to file the proposed amendment to their pleadings. They were not parties to the judgment or attachment proceedings of Burnham, Hanna, Munger & Co. against Dickson, and were not bound by such judgment. At the time they were made parties to such action they were brought in to show cause why they should not release their levies in favor of the attachment levy. At that time they had no knowledge of any fraud in obtaining the judgment or attachment lien. They believed they had the prior lien, and relied upon that defense. The district court held that they were entitled to priority. No other question was in issue. The supreme court held against them, and decided that the liens of their executions were inferior to the levy of the attachment. They then learned of the fraudulent character of the attachment proceedings, and at the first term of court after learning the facts presented their amendment, and asked for leave to file same. It did not change their defense, but only the form or mode of attack on the attachment lien. If the averments of their proposed amendment are true, the effect will be to make their liens superior to the lien of the attachment. This is the purpose of both defenses. The amendment would tend to promote the ends of justice. Where an amendment is calculated to promote the ends of justice, it is error to refuse it. (*Gaylord v. Stebbins*, 4 Kan. 42.)

Courts may commit substantial error by refusing to permit amendments to be made. (*Wright v. Bachellor*, 16 Kan. 259; *Koons v. Price*, 40 Ind. 164.)

Amendments to pleadings are largely within the discretion of the trial court, and, to authorize a reversal of a judgment of the court because an amendment was not allowed to be filed, there must be such a showing as produces a reasonable conviction that there was an abuse of judicial discretion. (*Krouse v. Pratt*, 37 Kan. 651, 16 Pac. 103; *Harper v. Hendricks*, 49 Kan. 718, 31 Pac. 734.)

We think this case comes within the above rule. The court, after permitting the plaintiff below to amend his petition, could not deny the request of the defendants. The refusal was an abuse of discretion, for which the judgment must be reversed and a new trial granted.

This case is not unlike the case of *Van Lehn v. Morse*, (Wash.) 48 Pac. 404, wherein the supreme court of Washington reversed the cause for the reason that the trial court refused to permit the defendant to amend his answer by setting up fraud after a reversal of the cause in the supreme court.

There are a number of other errors assigned, but we need not consider them, as they are not likely to occur again. The judgment of the district court is reversed and remanded, with directions to permit the plaintiffs in error to plead to the supplemental petition, and to file the amendment to their answer and interplea, and to grant a new trial, except as to the question of the priorities settled in the former decision by this court. Reversed at costs of Burnham, Hanna, Munger & Co.

Hainer, J., having presided in the court below, not sitting; all of the other Justices concurring.